## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| M.G.U., *et al.*,<br><br>               Plaintiffs,<br><br>       v.<br><br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY, *et al*.<br><br>               Defendants. | Civil Action No. 18-cv-1458<br><br>Chief Judge Beryl A. Howell |

## MEMORANDUM AND ORDER

The three individual plaintiffs in this action, M.G.U., E.F., and A.P.F., have moved to proceed using pseudonyms for themselves and their children, Pls.' Mot. File Compl. & Proceed Using Pseudonyms ("Pls.' Mot.") at 1 ECF No. 4, in their instant challenge to the government's policy to forcibly and indefinitely separate immigrant parents from their young children, *see* Compl. ¶ 1, ECF No. 1.  For the reasons set forth below, the Court will grant the plaintiffs' motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]

## I.      BACKGROUND

The plaintiffs are three asylum seekers who seek to challenge the government's policy of forcibly and indefinitely separating immigrant parents from their children.  *See* Pls.' Mot. at 1–2; Compl, ¶¶ 50, 68, 87.  Plaintiff M.G.U. has three young sons: G.V.G., J.V.G., and W.M.G.  Pls.' Mot. at 2.  Plaintiff E.F. has one young son, B.Y.A.F.  *Id.* Plaintiff A.P.F. has one young daughter, C.P.R.  *Id.*  Each plaintiff has experienced actual violence or the threat

---

[1]      Under Local Civil Rule 40.7(g), "the Chief Judge shall . . . hear and determine . . . motions to file a pseudonymous complaint."  LCvR 40.7(g).

thereof in their home countries before fleeing to the United States to seek safety.  *Id.* at 1.

Each plaintiff "fear[s] further persecution and possible death if returned to their home

countries and are seeking to protect their identities, as well as the identities of their children,

in this action."  *Id.*

## II.     LEGAL STANDARD

Generally, a complaint must state the names of the parties.  FED. R. CIV. P. 10(a) ("The

title of the complaint must name all the parties;"); LCvR 5.1(c)(1) ("The first filing by or on

behalf of a party shall have in the caption the name and full residence address of the party"

and [f]ailure to provide the address information within 30 days of filing may result in the

dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR

5.1(c)(1)).  The public's interest "in knowing the names of [] litigants" is critical because

"disclosing the parties' identities furthers openness of judicial proceedings."  *Doe v. Pub.*

*Citizen*, 749 F.3d 246, 273 (4th Cir. 2014); *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S.

589, 597 (1978) ("[T]he courts of this country recognize a general right to inspect and copy

public records and documents, including judicial records and documents.").  Nevertheless,

courts have, in special circumstances, permitted a party "to proceed anonymously" when a

court determines "the impact of the plaintiff's anonymity" outweighs "the public interest in

open proceedings and on fairness to the defendant."  *Nat'l Ass'n of Waterfront Emp'rs v.*

*Chao* ("*Chao*"), 587 F. Supp. 2d 90, 99 (D.D.C. 2008) (RMC).

In the past, when balancing these two general factors, two different but analogous tests

have been applied in this circuit.  The first test consists of the six factors set forth in *United*

*States v. Hubbard*, 650 F.2d 293, 317–21 (D.C. Cir. 1980):

(1) the need for public access to the documents at issue; (2) the extent to which the
public had access to the document prior to the sealing order; (3) the fact that a party

has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purpose for which the documents were introduced.

*Doe v. CFPB* ("*Doe I*"), No. 15-1177 (RDM), 2015 WL 6317031, at *2 (D.D.C. Oct. 16, 2015). In other cases, a "five-part test to balance the concerns of plaintiffs seeking anonymity with those of defendants and the public interest" has been applied. *Eley v. District of Columbia*, No. 16-806 (GMH), 2016 WL 6267951, at *1 (D.D.C. Oct. 25, 2016). These factors, drawn from *Chao*, include the following:

(1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Doe v. Teti*, Misc. No. 15-01380 (RWR), 2015 WL 6689862, at *2 (D.D.C. Oct. 19, 2015); *see also Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 96 (D.D.C. 2015) (TSC); *Doe v. U.S.Dep't of State*, Civil No. 15-01971 (RWR), 2015 WL 9647660, at *2 (D.D.C. Nov. 3, 2015); *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) (RBW); *Yaman v. U.S. Dep't of State*, 786 F. Supp. 2d 148, 153 (D.D.C. 2011) (JDB); *Doe v. Von Eschenbach*, No. 06-2131 (RMC), 2007 WL 1848013, at *2 (D.D.C. June 27, 2007).

The *Chao* and *Hubbard* factors weigh the same two general concerns. *Doe Co. No. 1 v. CFPB* ("*Doe II*"), 195 F. Supp. 3d 9, 15–16 (D.D.C. 2016) (RDM). Specifically, these concerns are: (1) the "[s]trength of the [g]eneralized [p]roperty and [p]rivacy [i]nterests" involved and "the possibility of prejudice" to those opposing disclosure, *Hubbard*, 650 F.2d at 320–21; and (2) whether the "justification" for nondisclosure "is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of

a sensitive and highly personal nature," *Teti*, 2015 WL 6689862, at *2.  Thus, in *Doe II*, the

Court determined that

> the question before the Court is not best answered with a rigid, multi-part test but
> with an assessment of whether the non-speculative privacy interest that the movants
> have identified outweigh the public's substantial interest in knowing the identities
> of the parties in litigation, along with any legitimate interest that the non-moving
> parties' interest may have in revealing the identity of the movants."

*Doe II*, 195 F. Supp. 3d at 17.

This balancing inquiry accords with the D.C. Circuit's test for whether a district court

should exercise its discretion to permit an exception from Federal Rule of Civil Procedure

10(a).  The Circuit has acknowledged the district court's discretion "to grant the 'rare

dispensation' of anonymity" to litigating parties under certain limited circumstances, provided

the court has "'inquire[d] into the circumstances of particular cases to determine whether the

dispensation is warranted.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir.

1995) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).  In exercising this

discretion, the D.C. Circuit has required the court to "take into account the risk of unfairness

to the opposing party, as well the customary and constitutionally-embedded presumption of

openness in judicial proceedings."  *Id.* at 1464 (internal citations and quotations omitted).

Thus, whichever test applies, the same general balancing inquiry is at issue:  "whether

the non-speculative privacy interest that the movants have identified outweigh the public's

substantial interest in knowing the identities of the parties in litigation, along with any

legitimate interest that the non-moving parties' interest may have in revealing the identity of

the movants."  *Doe II*, 195 F. Supp. 3d at 17; *see also Chao*, 587 F. Supp. 2d at 99 (assessing

whether "the impact of the plaintiff's anonymity" outweighs "the public interest in open

proceedings and on fairness to the defendant").

## III.     DISCUSSION

At this early stage of the litigation, this Court is persuaded that the plaintiffs have met their burden of showing that their privacy interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation.  The public's interest in the litigants' identity is *de minimis* compared to the significant risk of deadly violence to which public identification might expose the plaintiffs and their families.

In this case, the plaintiffs have described the "persecution and possible death" they fear "if returned to their home countries," threats that their identities' publication would amplify.  Pls.' Mot. at 1.  "Plaintiff M.G.U. and her young sons received death threats in their home country," and have "presented themselves at a port of entry in California to seek asylum." *Id.*  "Plaintiff E.F. fled her home country with her son after receiving threats that he would be kidnapped." *Id.*  "Plaintiff A.P.F. was shot, brutally assaulted, and threatened in his home country shortly before fleeing with his [] daughter to seek asylum in the United States." *Id.*  The plaintiffs' motion to proceed pseudonymously is made to preserve their safety—and the safety of their families—from persons who would inflict physical harm and/or death upon them, not to "avoid the annoyance and criticism that may attend litigation." *Chao*, 587 F. Supp. 2d at 99 (alterations omitted).  The plaintiffs adequately have detailed the deadly threats they and their families have already faced and continue to face, and how public identification would only exacerbate these threats. *See* Pls.' Mot. at 1.  Indeed, the plaintiffs and their families already have been targeted for violent attacks and threats. *Id.*  Identification on the public record thus would expose the plaintiffs and their families to a high "risk of retaliatory physical or mental harm." *Chao*, 587 F. Supp. 2d at 99.  This risk is especially acute as to the plaintiffs' children, who are "innocent non-parties." *Id.*; *see* Pls.' Mot. at 1 (describing threatened and actual violence committed against the plaintiffs and their children).  That the

plaintiffs have not "been accused publicly of wrongdoing," and "challenge[] . . . government activity," *Chao*, 587 F. Supp. 2d at 99 n.9, namely, "the government's indefinite separation of [p]laintiffs and their children," Pls.' Mot. at 2, also weighs in the plaintiffs' favor.

As to the non-moving parties' interests, allowing the plaintiffs to proceed under pseudonyms will have no impact on any private rights, as the only defendants are government agencies and officers. The plaintiffs' identities, moreover, are already known to defendants in connection with their asylum applications and detentions, and the plaintiffs have agreed to "file under seal with the Court, and provide to Defendants, a statement of the true names associated with all pseudonyms that appear in their complaint." *Id.* Allowing the plaintiffs to proceed pseudonymously thus will not compromise the defendants' ability to defend this action, and thus poses little "risk of unfairness to the opposing party." *Chao*, 587 F. Supp. at 99. Finally, any public interest in disclosing the identities of the plaintiffs and their children is significantly outweighed by the deadly threat such disclosure would entail.

In sum, weighed against the minimal apparent interest in disclosure, the plaintiffs' significant interest in maintaining their anonymity at this early stage in the litigation is more than sufficient to overcome any general presumption in favor of open proceedings. *See Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner,* 879 F.2d 873, 879 (D.C. Cir. 1989))).

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' Motion to File Complaint and Proceed Using Pseudonyms is **GRANTED**, subject to any further consideration by the United States District Judge to whom this case is randomly assigned, and the case may proceed using the pseudonyms "M.G.U.," "E.F.," and "A.P.F." for the plaintiffs; "G.V.G.," "J.V.G.," and "W.M.G." for M.G.U.'s sons; "B.Y.A.F." for E.F.'s son; and "C.P.R." for A.P.F.'s daughter; and it is further **ORDERED** that the list of the full names of the plaintiffs and their children, *see* Sealed Document, ECF No. 6, shall remain under seal until further order of the Court.

**SO ORDERED.**

Date: June 21, 2018.

_____
BERYL A. HOWELL
Chief Judge