UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| M.G.U., *et al.*, § § | |
| Plaintiffs, § § | No. 1:18-cv-1458-PLF |
| v. § § | Civil Action |
| KIRSTJEN NIELSEN, *et al.*, § § | |
| Defendants. § | |

**[PROPOSED] PRELIMINARY INJUNCTION**

The Court has considered all authorities, evidence, and argument presented by all parties concerning Plaintiffs' motion for preliminary injunction, ECF No. 13.

Plaintiffs are three parents who the government forcibly separated from their children.

Defendants include the U.S Department of Homeland Security ("DHS") and its sub-agencies Immigration and Customs Enforcement ("ICE") and Customs and Border Protection ("CBP"), and U.S. Department of Health and Human Services ("HHS") and its sub-agency Office of Refugee Resettlement ("ORR").

The Court concludes that all four preliminary-injunction elements weigh in favor of entering immediate relief for Plaintiffs as follows:

(1) Plaintiffs are likely to succeed on their claim that Defendants' separation policy impermissibly places a substantial burden on their family integrity and is not narrowly tailored to serve a compelling government interest.  Plaintiffs are likely to succeed on the merits of their claim that they are civil detainees, and Defendants unconstitutionally subjected them to punishment when Defendants forcibly separated

them from their children and continued to keep them separated from their children after conclusion of any criminal proceedings. Unconstitutional punishment is shown in this case by Defendants' statements that they intend separation to deter immigration to the United States, by the fact that the indefinite separation that they inflicted on Plaintiffs is unnecessary to administer criminal justice to any person, by the fact that Defendants lack binding policies describing when and how they will separate and reunite families, and by Defendants' lack of a rationale for their actions other than punishment. Independently, the suffering caused by forcible separation of parent from child is so extreme in relation to any conceivable legitimate purpose that the punitive nature of Defendants' actions is manifest to the Court.

(2) Plaintiffs suffer irreparable harm legally by the deprivation of their constitutional rights, and literally by enduring forcible separation from their children without justification, and without sufficient information regarding their well-being.

(3) The balance of harms strongly favors Plaintiffs.

(4) The public interest weighs toward respect for the rule of law, and basic decency.

WHEREFORE, the Court hereby directs the following preliminary injunction to Defendants, which includes all of their employees, agents, attorneys, sub-agencies and all persons acting in their behalf—

The Court ORDERS Defendants to take all necessary actions to reunite the following parents with the following children at the soonest practicable time:

(a) Plaintiff M.G.U. with her 2-year-old son G.V.G.;

(b) Plaintiff M.G.U. with her 6-year-old son J.V.G.;

(c) Plaintiff M.G.U. with her 13-year-old son W.M.G.;

(d) Plaintiff E.F. with her 9-year-old son B.Y.A.F.; and

(e) Plaintiff A.P.F. with his 12-year-old daughter C.P.R.

The Court further ORDERS Defendants to supply daily reports on their reunification efforts and the children's and parents' well-being to the Court, to Plaintiffs' counsel, and to Plaintiffs in Spanish.

The Court further ORDERS Defendants to refrain from taking any action to separate Plaintiffs from their children named above absent emergency or further order of the Court.

The Court further ORDERS Defendants to immediately inform Plaintiffs and counsel of the current whereabouts of Plaintiffs' children, and to immediately facilitate secure communication among Plaintiffs' counsel, Plaintiffs, and their children to enable them to discuss the content of this Order.

SO ORDERED this _____ day of _____, 2018 at Washington, D.C.

_____
United States District Judge