**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

M.G.U, *et al.*                                              )
                                                             )
                                                             )
                        Plaintiff,                           )          No. 1:18-cv-01458 (PLF)
                                                             )
v.                                                           )
                                                             )
Kirstjen Nielsen, *et al.,*                                  )
                                                             )
                        Defendants.                          )
                                                             )
_____ )

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION**
**FOR TEMPORARY RESTRAINING ORDER**

**<u>INTRODUCTION</u>**

Plaintiffs' motion for a temporary restraining order ("TRO") is addressed to a limited

issue; specifically, to request that the Court order Defendants to provide them with certain

information regarding their children who are currently in the custody of the U.S. Department of

Health and Human Service, Office of Refugee Resettlement ("ORR"), as well as regular

communication with their children. As discussed below, ORR already has agreed to provide

Plaintiffs with most of the relief requested in their motion. Accordingly, Defendants submit that

there is no basis at this time for the Court to issue a temporary restraining order and request that

the Court instead afford ORR the opportunity to implement the proposal that it has made to

Plaintiffs for providing information about their children and regular communication with them.

The parties currently are scheduled to appear at a hearing on July 12, 2018, to address the

distinct issue raised in Plaintiffs' motion for preliminary injunction,[1] and, to the extent Plaintiffs

---

[1] The motion for preliminary injunction seeks Plaintiffs' reunification with their children. For the
Court's awareness, the issue of reunification may be affected by the preliminary injunction order

remain dissatisfied with the information and frequency of communication they are receiving, they can request that the Court revisit the issue at that time.  In the interim, in light Defendants' agreement to provide most of the relief requested, Plaintiffs cannot show that they would suffer any irreparable harm in the absence of a TRO. Thus, the motion for TRO should not be granted or, at a minimum, should be held in abeyance at this time.

## **ARGUMENT**

As stated in their motion, Plaintiffs seek a temporary restraining order requiring Defendants to provide "reliable, daily information to each Plaintiff concerning the well-being of each of Plaintiff's children, either orally or in writing with reasonable specificity, as follows: a. the complete address where each child is currently located; b. the government's most accurate estimate of the date that it anticipates reuniting each parent with each child; c. a description of the setting where each child resides, whether home or institutional; d. the name, age, and gender of each person primarily responsible for each child's care; e. whether the child has suffered any accident or illness; [and] f. a description of each child's activities during that day[.]"  (Pl. Mot. at 2.)  Plaintiffs also seek "frequent and meaningful access to or communication with each child via telephone or video link."  (*Id.*)

By email dated June 27, 2018 to Plaintiffs' counsel, counsel for Defendants confirmed a prior conversation in which defense counsel had advised that the government would endeavor to provide most of the relief that Plaintiffs have requested. *See*, June 27, 2018 email from Sarah B. Fabian to Jerry Wesevich, attached hereto as Exhibit 1. Specifically, in that email, Plaintiffs were

---

issued in *Ms. L., et al. v. ICE*, Case No. 18-cv-0428 (S.D. Cal.) last evening, which orders the reunification of parents separated from a child who do not have a criminal history, and who are not unfit or pose a danger to their child. Defendants are still assessing that order and its implementation, but expect that it may impact the resolution of this case.

provided with (1) the name of the facility where each child is being held, and the city in which that facility is located (the email also advised that Defendants would be willing to provide the address for each facility if Plaintiffs will agree to keep that information confidential subject to the entry of a protective order) and (2) an offer to provide the name and phone number of the case manager for each child (if Plaintiffs will agree to keep that information confidential subject to the entry of a protective order), who will be available to provide regular updates to each parent. (*Id.*) As explained in that email, case managers also will provide parents with information regarding the reunification process and any estimated time periods that may be known for completion of that process, descriptions of the facilities where the children are living and the individuals caring for the children, and information regarding activities and programs available at those facilities and updates regarding the children's participation in those activities. (*Id.*) Defendants also agreed in that email to provide the Plaintiffs with reports of any significant incident in the event their children suffer any accident or illness. (*Id.*)

Thus, in light of the above, Defendants have largely provided Plaintiffs with the information they have requested and/or access to that information by providing the contact information for each child's case manager. In addition, Defendants also have agreed to provide Plaintiffs with regular, consistent communication with their children. Consequently, at this time, the alleged irreparable harm identified in Plaintiffs' motion has been addressed and there is no basis for a TRO to issue.

Regardless of the presence of other equitable factors, "plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008) (emphasis in original).  Further, the "D.C. Circuit 'has set a high standard for irreparable injury.'" *Jones v. D.C.*, 177 F. Supp. 3d 542, 545

(D.D.C. 2016) (quoting *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006)). To meet this standard, "[t]he injury 'must be both certain and great; it must be actual and not theoretical.'" *Id.* (quoting *Chaplaincy*, 454 F.3d at 297). Further, the injury must "be 'of such *imminence* that there is a 'clear and present' need for equitable relief to prevent irreparable harm.'" *Id.* (quoting *Wisc. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1989)) (emphasis in original).

Some courts, moreover, have recognized that the standard for irreparable injury is heightened when, as here, "a plaintiff seeks an injunction that would alter the status quo rather than merely preserve it (i.e., a mandatory injunction)." *English v. Trump*, 279 F. Supp. 3d 307, 316 (D.D.C. 2018) (citing *Elec. Privacy Info. Ctr. v. DOJ*, 15 F. Supp. 3d 32, 39 (D.D.C. 2014) (collecting cases)). Under that heightened standard, "the moving party must "clearly" show that "he or she is entitled to relief or that extreme or very serious damage will result from the denial of the injunction." *Columbia Hosp. for Women Found., Inc. v. Bank of Tokyo–Mitsubishi Ltd.*, 15 F. Supp. 2d 1, 4 (D.D.C. 1997), *aff'd*, 1998 U.S. App. LEXIS 7871, at *2 (D.C. Cir. 1998) ("we need not reach the question of whether the district court erred in holding that the standard applicable to a mandatory preliminary injunction is higher than that applicable to a prohibitory preliminary injunction because, as the district court also held, the appellants fail even under the lower standard that they advocate").

In any event, even under the ordinary standard, the alleged irreparable harm identified by Plaintiffs has been addressed by the information that Defendant has provided and agreed to provide, including facilitating telephonic communication between Plaintiffs and their children on a regular basis.

**CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's request for a TRO or, alternatively, hold it in abeyance at this time.

DATE: June 27, 2018                    Respectfully submitted,

                                       CHAD A. READLER
                                       Acting Assistant Attorney General
                                       WILLIAM C. PEACHEY
                                       Director
                                       WILLIAM C. SILVIS
                                       Assistant Director

                              By:    <u>Sarah B Fabian</u>
                                       SARAH B. FABIAN
                                       Senior Litigation Counsel
                                       U.S. Department of Justice
                                       Office of Immigration Litigation
                                       District Court Section
                                       Box 868, Ben Franklin Station
                                       Washington, DC 20442
                                       Telephone: (202) 532-4824
                                       Fax: (202) 616-8962
                                       E-mail: Sarah.B.Fabian@usdoj.gov

                                            and

                                       JESSIE K. LIU, D.C. Bar #472845
                                       United States Attorney
                                       DANIEL F. VAN HORN
                                       D.C. BAR # 924092
                                       Civil Chief

                                       JEREMY S. SIMON, D.C. BAR #447956
                                       Assistant United States Attorney
                                       555 4th Street, N.W.
                                       Washington, D.C. 20530
                                       (202) 252-2528
                                       Jeremy.simon@usdoj.gov

                                       *Counsel for Respondents*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 27, 2018, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

/s/ Sarah B. Fabian
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

*Attorney for Respondents*