**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| M.G.U, *et al.*  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>Kirstjen Nielsen, *et al.,*  )<br>)<br>Defendants.  )<br>)<br>_____)  | No. 1:18-cv-01458 (PLF) |

**STIPULATED PROTECTIVE ORDER**

  This is an action in which Plaintiffs, who are ultimately seeking reunification with their children, seek in the interim a temporary restraining order ("TRO") requiring the Government to provide them with certain information. Defendants deny the allegations in this case, but are nonetheless providing information to Plaintiffs to resolve the need for entry of any TRO. Some of that information may be protected by the Privacy Act of 1974, 5 U.S.C. § 552a, or otherwise may be deserving of protection from public disclosure. In order to permit the parties to have access to and use such information for purposes of this litigation without undermining legitimate privacy concerns, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties stipulate, and it is hereby ORDERED:

  1. Counsel for Defendants are hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11) and consistent with 28 C.F.R. § 16.23, to release information otherwise protected by the Privacy Act, 5 U.S.C. § 552a, provided that the release of such information is reasonably related to the conduct of this litigation. Without limiting the generality of the foregoing, counsel for Defendants

may release to Plaintiffs information covered by the Privacy Act whether such release is pursuant to discovery or otherwise, for use in this case.

2. Counsel for the parties, as well as any non-party (or the non-party's counsel) responding to a subpoena or discovery request in this matter, may initially designate as "protected" hereunder any information exchanged or used in this case if such counsel deems, in good faith, that release of such information could constitute an unreasonable invasion of privacy or otherwise may be deserving of protection from public disclosure. A party designating information as protected hereunder represents thereby that it has done so in good faith and pursuant to a bona fide belief that such information is in fact deserving of protection. Counsel and parties are referred to Rule 5.2 of the Federal Rules of Civil Procedure, Local Civil Rule 5.4(f), and this Court's "Notice Regarding Privacy and Public Access to Electronic Case Files," dated September 2004 [available at www.dcd.uscourts.gov/civil-privacy-notice], for typical examples of material deserving "Protected" status. In this case, such material may include, by way of example and not limitation, information regarding the location of government facilities, contact information for government employees, and files concerning confidential personal and medical information, including files regarding the minor children of plaintiffs in this case.

3. In designating information as protected, the party (or non-party if applicable) so designating it shall identify the protected information with specificity in writing or by placing a "PROTECTED" label or stamp on a document or group of documents. Either party may, at any time, object to the designation of information as protected. In the event of any such objection, the designating party agrees to confer with the objecting party as promptly as practicable to attempt to resolve the objection informally. Should the designating and objecting parties be unable to resolve

the objection informally, the objecting party may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the information shall be treated as protected.

    4.    Protected information provided formally or informally during the course of this litigation shall be handled and disclosed by the parties only as follows:

    (a)    Protected information may be used only for purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form to anyone other than: (i) Plaintiffs and counsel for Plaintiffs, such counsel's firm and its employees, and consultants, experts and vendors providing litigation support services retained by Plaintiffs to assist such counsel specifically for purposes of this litigation; (ii) counsel for the Defendants and support staff in the United States Attorney's office, Department of Justice, agency counsel, and other employees of the United States government who have a need to know the protected information for the defense or prosecution of this case, and consultants, experts and vendors providing litigation support services retained by the defendants specifically for the purposes of this litigation; (iii) the person whose privacy interests are meant to be protected with respect to any particular document (e.g., the employee who is the subject of an agency personnel file may be shown documents from his/her personnel file); (iv) court reporters and/or videographers who record and/or transcribe proceedings in this case; and (v) the Court and its Clerk and other support personnel.

    (b)    It shall be the responsibility of each party to bring this order to the attention of their respective outside consultants and experts to whom they disclose protected information, and to insure that all such persons comply with the terms of this order.

    (c)    All material containing protected information shall be clearly labeled as such and shall be returned to the party who originally produced the information or destroyed at the

conclusion of this litigation (including any and all appeals); provided, however, that one copy of such material and any legal memoranda, transcripts, briefs, and work product containing protected information may be retained for archival purposes if such materials are kept in the possession of a private litigant's counsel or in the possession of a governmental entity, and are not in the future disclosed contrary to the provisions of this order.

        (d)    Counsel shall endeavor to avoid revealing protected information in any oral proceedings before the Court, including oral argument.  If any counsel finds it necessary to refer to protected information in any such oral proceeding, that counsel shall notify the Court and all other counsel of record as soon as such necessity becomes apparent and shall propose whatever mechanism(s) may be available and appropriate to prevent disclosure of protected information as a consequence of such oral proceedings to persons other than those authorized by this order.

    5.    If any party files any motion, opposition, reply or any other document prior to trial and attaches thereto or sets forth therein a record, or the relevant portion of a record, that has been designated as "PROTECTED" pursuant to this Order, the parties shall, where the protected information is not readily segregable from the filed document, file two copies of such document ("Version One" and "Version Two") with the Court. Version One shall redact only the specific information designated as "PROTECTED" pursuant to this Order and shall be filed on the public record.  Version Two shall contain no redactions and shall be filed as an attachment to a motion for leave to file Version Two under seal. Where the protected information is readily segregable (such as, for instance, a single exhibit to a motion), only the segregable document shall be filed as an attachment to a motion for leave to file under seal as stated herein but the remainder of the filing shall be filed on the public record.

6. Counsel for a party, as applicable, shall promptly report any breach of the provisions of this order to the party who produced the protected information that was improperly divulged or compromised. Upon discovery of any breach, the party responsible for any breach shall immediately take appropriate action to cure the violation and retrieve any confidential information that may have been disclosed to persons not covered by this order. The parties shall also cooperate fully in any investigation of such breach conducted by the Court. Nothing contained in this order shall be deemed or relied upon to create any right or benefit, substantive or procedural, for any person or entity other than the parties to the above-captioned action.

7. By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.

8. Pursuant to 5 U.S.C. § 552a(b)(11), the parties are hereby authorized to seek the admission into evidence at the trial of this case any materials, or the contents thereof, that are subject to this Stipulation, and nothing contained herein shall be construed as precluding Plaintiff or Defendant from introducing any such materials, or the contents thereof, into evidence, subject to such measures as the Court may deem appropriate or necessary at that time in order to protect the privacy of the individual(s) involved.

9. Nothing contained herein shall restrict the government's use of its records for official business or for other purposes consistent with other applicable laws and regulations.

10. Any specific part or parts of the restrictions imposed by this protective order may be terminated at any time by an Order of the Court, and a designating party may terminate any specific part or parts of the restrictions imposed by this protective order with respect to documents or information designated by that party as "Protected" under this Order by letter to counsel for the opposing party.

11. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

12. Nothing in this Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

13. This Order is without prejudice to the rights of any party to seek from the Court the modification of this Order.

Respectfully submitted,

Jerome Wesevich, D.D.C. Bar # TX0125
Amanda Chisholm
Peter McGraw
Texas RioGrande Legal Aid, Inc.
1331 Texas Avenue
El Paso, Texas 79901
(915) 585-4120
jwesevrich@trla.org

David J. Ball, D.C. Bar . # 4460055
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, N.W.
Washington, D.C.
(202) 223-7352
dball@paulweiss.com

Steven C. Herzog
Katherine Fell Kelly
Meredith A. Arffa
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10091
(212)-373-3317
sherzog@paulweiss.com

*Counsel for Plaintiffs*

2

                    and

DATE: June 28, 2018                    Respectfully submitted,
                                                CHAD A. READLER
                                                Acting Assistant Attorney General
                                                WILLIAM C. PEACHEY
                                                Director
                                                WILLIAM C. SILVIS
                                                Assistant Director

                                      By: <u>Sarah B Fabian</u>
                                                SARAH B. FABIAN
                                                Senior Litigation Counsel
                                                U.S. Department of Justice
                                                Office of Immigration Litigation
                                                District Court Section
                                                Box 868, Ben Franklin Station
                                                Washington, DC 20442
                                                Telephone: (202) 532-4824
                                                Fax: (202) 616-8962
                                                E-mail: Sarah.B.Fabian@usdoj.gov

                                                and

                                                JESSIE K. LIU, D.C. Bar #472845
                                                United States Attorney
                                                DANIEL F. VAN HORN
                                                D.C. BAR # 924092
                                                Civil Chief

                                                JEREMY S. SIMON, D.C. BAR #447956
                                                Assistant United States Attorney
                                                555 4th Street, N.W.
                                                Washington, D.C. 20530
                                                (202) 252-2528
                                                <u>Jeremy.simon@usdoj.gov</u>

                                                *Counsel for Defendants*

It is so ORDERED by the Court this _____ day of June 2018.

                                                _____
                                                United States District Judge