**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| M.G.U., *et al.*, | |
| Plaintiff, | |
| v. | Civil Action No. 1:18-cv-1458 (PLF) |
| KIRSTJEN NIELSEN, *et al.*, | |
| Defendants. | |

## PLAINTIFFS' EMERGENCY MOTION FOR EXPEDITED DISCOVERY

Pursuant to Rules 26(d) & (f) of the Federal Rules of Civil Procedure and LCvR 26.2(a), Plaintiffs M.G.U., A.P.F, and E.F., by their undersigned counsel, hereby move for expedited discovery in the above-captioned action.

Plaintiffs seek an order requiring Defendants to respond to Plaintiffs' expedited discovery requests no later than July 11, 2018 at 10:30 AM ET.  A hearing on Plaintiffs' Application for a Preliminary Injunction (D.E. No. 13) has been set by the Court for July 12, 2018—9 days from today.  Plaintiffs repectfully move the Court for limited expedited discovery from Defendants to develop the evidentiary record in advance of the preliminary injunction hearing.  A memorandum of points of law and authority and proposed order for expedited discovery is attached and incorporated in support of this motion.

Pursuant to LCvR 7(m), the parties have conferred about the discovery sought by Plaintiffs.  As set forth in the accompanying declaration of Jerome Wesevich, counsel for Plaintiffs served Defendants with Plaintiffs' Expedited Discovery Requests to Defendants (the "Expedited Discovery Requests") by email on the morning of July 3,

2018.  Defendants replied several hours later stating that they opposed Plaintiffs' Expedited Discovery Requests.  Defendants offered no explanation for their opposition.  Counsel for the parties have been unable to reach an agreement regarding Defendants' production of information and documents responsive to the Expedited Discovery Requests.

Dated:  Washington, D.C.
       July 3, 2018

TEXAS RIOGRANDE LEGAL AID, INC.

  /s/ Jerome Wesevich
Jerome Wesevich (D.D.C. Bar No. TX0125)
Amanda Chisholm (Texas Bar No. 24040684)
Peter McGraw (Texas Bar No. 24081036)
1331 Texas Avenue
El Paso, Texas 79901
(915) 241-0534
jwesevich@trla.org
achisholm@trla.org
pmcgraw@trla.org

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

David J. Ball (DC Bar No. 460055)
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7352
dball@paulweiss.com

Steven C. Herzog (admitted *pro hac vice*)
Meredith A. Arfa (admitted *pro hac vice*)
Katherine Kelly Fell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
sherzog@paulweiss.com
marfa@paulweiss.com
kfell@paulweiss.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

Pursuant to LCvR 5.3, I hereby certify that, on July 3, 2018, I caused to be electronically filed a copy of the foregoing Plaintiffs' Emergency Motion for Expedited Discovery to be served on all counsel of record using the Court's CM/ECF system.

   /s/ Jerome Wesevich
Jerome Wesevich (D.D.C. Bar No. TX0125)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| M.G.U., *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>KIRSTJEN NIELSEN, *et al.*,<br><br>Defendants. | Civil Action No. 1:18-cv-1458 (PLF) |

**PLAINTIFFS' MEMORANDUM OF POINTS OF LAW AND AUTHORITY IN SUPPORT OF ITS EMERGENCY MOTION FOR EXPEDITED DISCOVERY**

TEXAS RIOGRANDE LEGAL AID, INC.
1331 Texas Avenue
El Paso, Texas 79901
(915) 241-0534

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7352

*Attorneys for Plaintiffs*

July 3, 2018

Plaintiffs M.G.U., A.P.F, and E.F ("Plaintiffs") respectfully submit this memorandum of points of law and authority in support of its emergency motion for expedited discovery under Federal Rules of Civil Procedure 26(d) and (f) and LCvR 26.2(a).

## PRELIMINARY STATEMENT

Plaintiffs are three immigrant parents who have had their children forcibly taken and separated from them by Defendants without justification.  Defendants continue to subject Plaintiffs and their children to indefinite family separation.  Through this action, Plaintiffs seek, among other things, immediate reunification with their children and a declaration that Defendants' conduct violated Plaintiffs' Fifth Amendment Due Process Rights under the U.S. Constitution.

The Court has ordered a hearing on Plaintiffs' Application for a Preliminary Injunction (D.E. No. 13), set for July 12, 2018 10:30 AM (the "PI Hearing").  Plaintiffs now seek leave of the Court to take limited, expedited discovery to develop the evidentiary record to support its preliminary injunction application.  Because Defendants have opposed Plaintiffs' expedited discovery requests, Plaintiffs will be prejudiced if they are not able to obtain the limited necessary discovery in advance of the PI Hearing.  At risk is Plaintiffs' fundamental right to family integrity and unity.  Indeed, Plaintiffs and their children will continue to be harmed by Defendants' unlawful policy of family separation absent immediate relief from the Court.  Accordingly, the Court should order Defendants' to produce the requested discovery no later than 10:30 AM ET on July 11, 2018.

# BACKGROUND[1]

On June 20, 2018, Plaintiffs filed a complaint (the "Complaint") seeking preliminary and permanent injunctive relief against the named Defendants. (D.E. No. 1.) As set forth in the Complaint, Defendants instituted a policy of indefinitely separating immigrant parents from their young children, a policy designed, intended and administered to deter all immigration—including legal immigration by those lawfully seeking asylum. (Compl. ¶ 1.)

Plaintiff M.G.U. is citizen of Guatemala who is presently detained by Defendants near Pearsall, Texas after Defendants forcibly separated her from her three biological children, whose ages are 2, 6, and 13. (Compl. ¶ 2.) Plaintiff E.F. is a citizen of Guatemala and is presently detained by Defendants near El Paso, Texas after Defendants forcibly separated her from her 9-year-old biological son. (*Id.* ¶ 3.) Plaintiff A.P.F. is a citizen of Honduras and is presently detained by Defendants near Los Fresnos, Texas after Defendants forcibly separated him from his 12-year-old biological daughter. (*Id.* ¶ 4.) Defendants currently hold Plaintiffs and their children solely as civil immigration detainees, and not in connection with any criminal charge or conviction. (*Id.* ¶ 44.) Plaintiffs' detention and their children's detention is a result of Defendants' change in policy regarding family separation, not any change in any statute. (*Id.* ¶ 43.) Plaintiffs do not have sufficient reliable information about how their children are, how to contact them, or how they will be reunited. (*Id.* ¶¶ 46, 64, 79.)

On June 26, the Court entered a briefing schedule on Plaintiffs' Application for a Preliminary Injunction, adopting the parties' proposed briefing schedule and setting the PI Hearing for July 12, 2018. In preparation for the PI Hearing, counsel for Plaintiffs sent defense counsel Plaintiffs' Expedited Discovery Requests to Defendants (the "Expedited Discovery

---

[1]   Citations in the form of "Compl. ¶ __" refer to paragraphs of the Complaint filed in this action (Civil Action No. 1:18-cv-01458).

Requests") by email on July 3, 2018.  (Attached Exhibit, D.E. No. 25-2.)  Plaintiffs requested

that Defendants respond to the Expedited Discovery Requests by July 8, 2018, one day prior to

the deadline for Plaintiffs' reply brief in support of its Application for a Preliminary Injunction.

(*Id.*)  Counsel for Defendants opposed Plaintiffs' request by email, but provided no reason or

explanation for their opposition.  (*Id.*)

      In particular, Plaintiffs are seeking the following limited discovery from

Defendants:

1. Six interrogatories concerning: (i) the date on which Defendants anticipate reuniting Plaintiffs with their children; (ii) the conditions precedent Defendants believe must occur before reunification of Plaintiffs and their children; (iii) Defendants' basis for separating Plaintiffs from their children at the time of separation; (iv) Defendants' basis for continuing to separate Plaintiffs from their children; (v) a description of the actions Defendants have taken to decide how to reunite Plaintiffs with their children; and (vi) the date on which the most recent photograph of Plaintiffs' children was taken. (Ex. 2, at 5–6.)

2. Four requests for production concerning:  (i) a recent photograph taken of each of Plaintiffs' children; (ii) the Department of Health and Human Services' ("HHS") "ORR File" for each of Plaintiffs' children; (iii) the U.S. Department of Homeland Security's ("DHS") "A-file" for each Plaintiff; and (iv) all documents Defendants plan to introduce at any hearing on Plaintiffs' Application for a Preliminary Injunction. (*Id.* at 9.)

3. Ten requests for admission concerning:  (i) the circumstances of the arrests and separation of Plaintiffs and their children; (2) the pre-trial detention of immigrants following arrests pursuant to 8 U.S.C. § 1325(a); (3) authentication of Defendants' documents which were attached to Plaintiffs' Application for a Preliminary Injunction; (4) authentication of statements made by various government officials; and (5) confirmation regarding the lack of any change in federal statutes or federal regulations regarding family separation. (*Id.* at 10–13.)

      To complete this limited discovery in time for the PI Hearing, Plaintiffs seek

relief from the Court to accelerate discovery so that Defendants will be required to produce the

documents and information sought in Plaintiffs' Expedited Discovery no later than July 11, 2018 by 10:30 AM ET—one day before the PI Hearing.

## <u>ARGUMENT</u>

Under Rule 26(d) of the Federal Rules of Civil Procedure, discovery in a civil action may commence prior to a Rule 26(f) conference when so ordered by the court.  To determine whether expedited discovery is appropriate, courts have developed two commonly recognized approaches: (1) the *Notaro* test and (2) the reasonableness, or good cause, test.  *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 142 (D.D.C. 2005).  However, when the expedited discovery request is for the purpose of developing the record in support of a preliminary injunction motion, courts consider the reasonableness of the request "in light of the entire record to date and all of the surrounding circumstances."  *Disability Rights Council of Greater Wash.* v. *Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 6 (D.D.C. 2006); *see also Ellsworth Assoc. Inc.* v. *United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) ("Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings."); Advisory Committee Notes to 1993 amendments to Fed. R. Civ. P. 26(d) (noting that discovery before a Rule 26(f) conference "will be appropriate in some cases, such as those involving requests for a preliminary injunction").

Under the *Notaro* test, courts require a plaintiff to demonstrate "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted."  *Disability Rights Council of Greater Wash.*, 234 F.R.D. at 6.  (internal citation and quotation omitted).  But "more recent cases have rejected the *Notaro*

test in favor of a reasonableness test, particularly in cases were the expedited discovery is related to a motion for a preliminary injunction. *Id.* (collecting cases).

The court may consider the following factors in analyzing the reasonableness of an expedited discovery request: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Atkinson* v. *Holder*, 113 F. Supp. 3d 156, 162 (D.D.C. 2015); *Guttenberg* v. *Emery*, 26 F. Supp. 3d 88, 98 (D.D.C. 2014). These factors are not exhaustive; rather, they provide "guidelines for the exercise of the Court's discretion." *Atkinson*, 113 F. Supp. 3d at 162 (internal quotation marks and citation omitted); *see also Strike 3 Holdings, LLC v. Doe*, No. 18cv00810, 2018 WL 2209207 at *1 (D.D.C. May 14, 2018) ("Evaluating whether good cause exists to permit expedited discovery falls within trial judges' 'broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.'") (citing *Watts v. SEC*, 482 F.3d 501, 507 (D.C. Cir. 2007)).

I.      Expedited Discovery is Warranted Under the *Notaro* Factors

Plaintiffs meet the standard required under *Notaro*. First, Plaintiffs are suffering irreparable injury as a result of the ongoing separation from their children, which implicates constitutional rights. Similarly, Plaintiffs' children are suffering emotional and developmental harm from continued separation from their parents. Second, Plaintiffs are likely to succeed on the merits as Defendants' conduct impacts Plaintiffs' substantive rights of family integrity and Defendants have offered no evidence showing that such family separation (1) is narrowly tailored or (2) serves a compelling state interest.

The third factor is met because the discovery sought here concerns, among other things, Defendants' separation of Plaintiffs from their children. The Government's responses will

go to the core of Plaintiffs' immediate claim of family reunification, and thus will avoid continued irreparable injury. Fourth, Plaintiffs will suffer more harm if expedited discovery is denied as compared to the purported harm Defendants will experience if Plaintiffs' Application for Expedited Discovery is granted. Plaintiffs seek expedited discovery of information that will help them establish the facts necessary to prevail at the PI Hearing and end their forcible separation from their children. However, if the Court grants Plaintiffs' Application for a Expedited Discovery, Defendants will suffer only the burden of responding to small number of straightforward discovery requests.

## II.  Expedited Discovery is Warranted Under the Reasonableness Test

The court should grant expedited discovery under the reasonableness test, which courts in this District have favored over the *Notaro* test. *See True the Vote, Inc. v. Internal Revenue Serv.*, No. 13cv734, 2014 WL 4347197 at *7 (D.D.C. Aug. 7, 2014) (especially where a preliminary injunction is sought); *Guttenberg* v. *Emery*, 26 F. Supp. 3d at 98 ("This Court agrees with those courts that have rejected the *Notaro* standard in favor of the reasonableness approach, an approach more suited to the application of the Court's broad discretion in handling discovery."); *Disability Rights Council of Greater Wash.*, 234 F.R.D. at 6 (applying reasonableness test and noting "[m]ore recent cases have rejected the *Notaro* test in favor of a reasonableness test, particularly in cases were the expedited discovery is related to a motion for a preliminary injunction.").

Plaintiffs should prevail under the reasonableness test. First, Plaintiffs' have filed an Application for a Preliminary Injunction, which is to be heard before the Court on July 12. Second, Plaintiffs' discovery requests are narrowly-tailored and limited to the issues before the Court at the PI Hearing, namely information that would assist the Court in determining whether Plaintiffs are entitled to a preliminary injunction requiring Defendants to reunify them with their

children.  Plaintiffs' interrogatories concern, among other things, why Plaintiffs were forcibly

separated from their children, the basis for the continued separation, when Defendants anticipate

reuniting Plaintiffs and their children, and what Defendants believe must occur before such

reunification can happen.  The document requests are similarly narrow and seek recent

documents that are exclusively within Defendants' control and readily available to them.

Plaintiffs do not seek thousands of documents, but instead the basic documents the two

government agencies—DHS and HHS—maintain about Plaintiffs and their children and the

documents Defendants plan to introduce at the PI Hearing.  And the requests for admission

largely seek confirmation regarding evidentiary issues and simple, straightforward facts to

streamline the proceedings before the Court.  Plaintiffs are not seeking extensive discovery and

the Expedited Discovery Requests are narrowly tailored to reveal information probative of the

preliminary injunction analysis.  The requested discovery is consistent with or less burdensome

than what courts in the D.C. Circuit and other Circuits have ordered.  *See, e.g., Simon v. Republic*

*of Hungary*, No. 10cv01770, 2012 WL 13069772 at *6 (D.D.C. Oct. 19, 2012) (permitting

expedited deposition of individual located in Budapest, Hungary under more stringent standard);

*Chryso, Inc. v. Innovative Concrete Solutions of the Carolinas, LLC*, No. 5:15cv115, 2015 WL

12600175 at *4-5 (E.D.N.C. June 30, 2015) (allowing a total of 28 interrogatories and 24

requests for production); *Semitool, Inc.*, 208 F.R.D. 273, 278 (N.D. Ca. 2002) (permitting

requests for production and physical inspection, videotaping, and photographing of device in

patent infringement case).

        Third, the expedited discovery sought here is not for a final merits determination

on whether Defendants indeed violated Plaintiffs' Fifth Amendment rights—which Plaintiffs will

establish following regular discovery—but rather, whether Plaintiffs should be immediately

reunified with their children.  Fourth, the burden on Defendants is minimal.  The questions posed

to Defendants do not require searching countless government databases or interviewing tens or

hundreds of government witnesses.  They simply require basic confirmation of facts and

production of readily accessible documents, including documents Defendants plan to use at the

PI Hearing.  The Fifth element is met here as well.  The PI Hearing is scheduled for July 12, and

there is no standard process under the Federal Rules of Civil Procedure for discovery in advance

of a preliminary injunction hearing.  Under these circumstances, Plaintiffs endeavored to permit

the Government as much time as possible to prepare its responses and production.

   Due to their limited nature, the Expedited Discovery Requests should not impose

an undue burden on the Defendants.  To the extent there is any burden, it is outweighed by the

need to resolve the disputed issues in advance of the PI Hearing.

## <u>CONCLUSION</u>

   For the reasons set forth above, Plaintiffs respectfully request that the Court enter

the accompanying order to allow expedited discovery.

Dated: Washington, D.C.  
   July 3, 2018

TEXAS RIOGRANDE LEGAL AID, INC.

  /s/ Jerome Wesevich    
Jerome Wesevich (D.D.C. Bar No. TX0125)  
Amanda Chisholm (Texas Bar No. 24040684)  
Peter McGraw (Texas Bar No. 24081036)  
1331 Texas Avenue  
El Paso, Texas 79901  
(915) 241-0534  
jwesevich@trla.org  
achisholm@trla.org  
pmcgraw@trla.org

PAUL, WEISS, RIFKIND, WHARTON &  
GARRISON LLP

David J. Ball (DC Bar No. 460055)  
2001 K Street, NW

Washington, DC 20006-1047
(202) 223-7352
dball@paulweiss.com

Steven C. Herzog (admitted *pro hac vice*)
Meredith A. Arfa (admitted *pro hac vice*)
Katherine Kelly Fell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
sherzog@paulweiss.com
marfa@paulweiss.com
kfell@paulweiss.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to LCvR 5.3, I hereby certify that, on July 3, 2018, I caused to be electronically filed a copy of the foregoing Plaintiffs' Memorandum of Points of Law and Authority in Support of Its Emergency Motion for Expedited Discovery to be served on all counsel of record using the Court's CM/ECF system.

  /s/ Jerome Wesevich
Jerome Wesevich (D.D.C. Bar No. TX0125)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| M.G.U., *et al.*,<br><br>                Plaintiff,<br><br>           v.<br><br>KIRSTJEN NIELSEN, *et al.*,<br><br>                Defendants. | Civil Action No. 1:18-cv-1458 (PLF) |

**DECLARATION OF JEROME WESEVICH
IN SUPPORT PLAINTIFFS' EMERGENCY
MOTION FOR EXPEDITED DISCOVERY**

Pursuant to 28 U.S. § 1746, I, Jerome Wesevich, hereby declare as follows:

I am an attorney with Texas RioGrande Legal Aid, Inc., attorneys for Plaintiffs M.G.U., A.P.F, and E.F in this action.  I submit this Declaration to supply the Court with documents in connection with Plaintiffs' Emergency Motion for Expedited Discovery.

1.        Exhibit 1 annexed hereto is a true and correct copy of a July 3, 2018 email exchange between Jerome Wesevich and Sarah B. Fabian, counsel for Defendants, regarding Plaintiffs' Expedited Discovery Requests to Defendants and Defendants' opposition to Plaintiffs' request for expedited discovery.

2.        Exhibit 2 annexed hereto is a true and correct copy of Plaintiffs' Expedited Discovery Requests to Defendants, which sets forth the limited set of documents, responses to interrogatories, and responses to requests for admission that Plaintiffs are seeking to obtain from Defendants on an expedited basis.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 3, 2018

El Paso, Texas

TEXAS RIOGRANDE LEGAL AID, INC.


By:/s/
Jerome Wesevich (D.D.C. Bar No. TX0125)
1331 Texas Avenue
El Paso, Texas 79901
(915) 241-0534
jwesevich@trla.org




**CERTIFICATE OF SERVICE**

Pursuant to LCvR 5.3, I hereby certify that, on July 3, 2018, I caused to be electronically filed a copy of the foregoing Declaration of Jerome Wesevich in Support of Plaintiffs' Emergency Motion for Expedited Discovery to be served on all counsel of record using the Court's CM/ECF system.


/s/ Jerome Wesevich
Jerome Wesevich
(D.D.C. Bar No. TX0125)

# EXHIBIT 1

**From:** Fabian, Sarah B (CIV) <Sarah.B.Fabian@usdoj.gov>
**Sent:** Tuesday, July 3, 2018 3:47 PM
**To:** Jerome Wesevich <jwesevich@trla.org>
**Cc:** Herzog, Steven C <sherzog@paulweiss.com>; Simon, Jeremy (USADC) <Jeremy.Simon@usdoj.gov>
**Subject:** RE: MGU v. Nielsen, No. 18cv1458 - Expedited Discovery Requests

Jerry:

Defendants oppose your request for expedited discovery.

Also, we have a joint report due on Thursday regarding the provision of information from ORR to the Plaintiffs and to counsel. To date I have not been made aware of any issues regarding communication, and would expect that we will report to the Court that Plaintiffs are satisfied with the information Defendants have provided. If this is incorrect, please let me know ASAP what issues you believe need to be resolved by Thursday, keeping in mind that it is now late in the day before a holiday.

Best regards,
Sarah

Sarah B. Fabian
Senior Litigation Counsel
Office of Immigration Litigation – District Court Section
(202) 532-4824

**From:** Jerome Wesevich [mailto:jwesevich@trla.org]
**Sent:** Tuesday, July 03, 2018 11:23 AM
**To:** Fabian, Sarah B (CIV) <sfabian@CIV.USDOJ.GOV>
**Cc:** Herzog, Steven C <sherzog@paulweiss.com>
**Subject:** MGU v. Nielsen, No. 18cv1458 - Expedited Discovery Requests

Good morning Sarah.  As we mentioned in our PI Application, we need limited discovery prior to our reply, which is due July 9.  The attached requests closely track our PI statement of facts, and address recent matters that are readily discernible from your clients' records.  Please let us know if you want to discuss any of the requests or the timing of your response.  We seek your responses July 8, a day prior to our reply.  We hope a motion won't be necessary due to the obvious need and relevance, but please let us know if we need to file one today.

Also, please confirm that my colleagues' PHV motions are unopposed.  I believe Peter sent them to you yesterday.

Thanks kindly,

Jerry

```
--
Jerome Wesevich
Texas RioGrande Legal Aid
1331 Texas Avenue
El Paso, Texas 79901
(915) 585-5120
```
[jwesevich@trla.org](mailto:jwesevich@trla.org)

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| M.G.U., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | No. 1:18-cv-1458 (PLF) |
| v. | § | |
| | § | Civil Action |
| KIRSTJEN NIELSEN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' EXPEDITED DISCOVERY REQUESTS TO DEFENDANTS

TO:     Each named Defendant by and through their counsel of record:

> Sarah B. Fabian
> Senior Litigation Counsel
> Office of Immigration Litigation
> Civil Division, U.S. Department of Justice
> P.O. Box 868, Ben Franklin Station
> Washington, D.C.  20044
> (202) 532-4824
> sarah.b.fabian@usdoj.gov

Pursuant to FED. RS. CIV. P. 33, 34, and 36, Plaintiffs seek Defendants' responses to the following six interrogatories, four requests for production, and ten requests for admission. Responses are due to undersigned counsel on the date to which you have agreed or on the date ordered by the Court pursuant to Rule 26(d)(1) upon Plaintiffs' motion for expedited, limited discovery.

**DEFINITIONS**

1.     These Definitions apply to each of the interrogatories, requests for production and requests for admission set forth in this document.

2.     "Defendant" or "Defendants" means any one or more of the following federal agencies, their supervisory officials, their employees and agents, and any other persons who are acting on their behalf:   (a) the U.S. Department of Homeland Security and its sub-agencies Immigration and Customs Enforcement (ICE) and Customs and Border Protection (CBP); and (b) the U.S. Department of Health and Human Services (HHS) and its sub-agency Office of Refugee Resettlement (ORR).

3.      "Action" means the above-captioned action, styled *M.G.U., et al.,* v. *Nielsen, et al.*, No. 1:18-cv-1458 (PLF) (D.D.C.)

4.     "Court" means the United States District Court for the District of Columbia.

5.      "Plaintiffs" or "Plaintiff" means the three individuals who brought this action, M.G.U., E.F. and A.P.F., individually or collectively, as identified to Defendants in ECF No. 6, which was filed under seal with the Court.

6.     "Plaintiffs' Children" means the five children that Plaintiffs' counsel identified to counsel for Defendants by A-number and birthdate via email on the morning of June 27, 2018.

7.     "You" means any Defendant or Defendants.

8.     "Document" is used in the broadest possible sense permissible under Federal Rule of Civil Procedure Rule 34 and means each and every written, recorded, or graphic matter or material of any kind, type, nature, or description (whether in tangible, hard copy, printed, or electronic form), in whatever form, that is or has been in your possession, custody, or control, including, but not limited to, all hardcopy documents, correspondence, memoranda, tapes, stenographic, or handwritten notes, forms of any kind, charts, blueprints, drawings, sketches,

graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, electronic mail, Bloomberg messages, instant messages, text messages, calendars, appointment books, computer files, computer printouts, data compilations of any kind, teletypes, telexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, surveys, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video recordings, audio recordings, CDs, DVDs, computer disks or diskettes, removable media, brochures, pamphlets, or any written or recorded materials of any other kind, however stored, recorded, produced, or reproduced, and also including drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

# INTERROGATORIES

## Instructions for Interrogatories

1.      Each Interrogatory is continuing in nature.  If, after responding, you obtain or become aware of any additional or different information responsive to these Interrogatories, you must supplement your response pursuant to FED. R. CIV. P. 26(e).

2.      If an Interrogatory cannot be answered in full, it should be answered to the extent possible, with an explanation as to why the remainder cannot be answered, disclosing whatever information, knowledge or belief you do have with respect to the unanswered portion, including the name(s) and address(es) of any persons having further information.

3.      If, in answering these Interrogatories, you claim any ambiguity in a question, instruction or definition, set forth the matter deemed ambiguous and the construction used in answering the Interrogatory.  If you object to any portion of an Interrogatory, you must state the objection and furnish a response to as much of the request as to which there is no objection.  If you object to any Interrogatory on the ground of overbreadth, you shall nevertheless respond to the Interrogatory as narrowed in such a way as to render it not overbroad in your opinion, and explain the basis for and extent of your narrowing of the Interrogatory.

4.      If a claim of privilege is asserted, in whole or in part, with respect to any Interrogatory, please provide the information required pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure.

5.      If any response is given that states an objection to these Interrogatories on any ground, state the ground(s) completely.  If an Interrogatory is only partly objectionable, respond to the remainder of the Interrogatory.

6.      In no event should you fail to respond to an Interrogatory or leave a response blank. If the answer to the Interrogatory is, for example, "none," "unknown," or "not applicable," such statement should be made as the answer.

7.      Each Interrogatory herein should be construed independently and not with reference to any other Interrogatories for the purpose of limitation.

8.      If a Document is provided in response to an Interrogatory, identify which Document(s) is (are) being provided to answer that Interrogatory; if you are asked to identify Documents, please provide a brief description of the documents, including any Bates numbers.

9.      Unless otherwise indicated, each Interrogatory requests information for the period May 1, 2018 though the present.


## INTERROGATORIES

**Interrogatory No. 1:**

What is the date on which you anticipate reuniting each Plaintiff with his or her child(ren), if at all?


**Interrogatory No. 2:**

What events or conditions are currently known to you that you believe must occur before Plaintiffs are reunited with Plaintiffs' Children?


**Interrogatory No. 3:**

At the time you separated each Plaintiff from each of his or her children, what basis did you have for doing so?

**Interrogatory No. 4:**

What basis do you currently have for maintaining separation between each Plaintiff and his or her child(ren)?

**Interrogatory No. 5:**

What actions have you taken to decide whether or how to reunite Plaintiffs with their children, including the date of each action.

**Interrogatory No. 6**

Identify the date on which each photograph or image produced in response to Request for Production No. 1 was taken.

## REQUESTS FOR PRODUCTION

### Instructions for Requests for Production

1.      In responding to these Requests for Production (each a "Request"), you shall produce all responsive Documents that are in your possession, custody or control. A Document shall be deemed to be within your control if you have the right to secure the Document or a copy of the Document from another Person having possession or custody of the Document, including but not limited to, your attorneys or other agents.

2.      Documents produced in response to these Requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to indicate the specific paragraph(s) of the Requests to which they respond. The original or one copy of each Document is requested to be produced. Any copy of a Document that varies in any way from the original or from any other copy of the Document, whether by reason of handwritten or other notation or any omission, shall constitute a separate Document and must be produced, whether or not the original of such Document is within your possession, custody, or control. If a Document responsive to these Requests cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible. Documents attached to each other should not be separated, but all such attached Documents shall be produced.

3.      Each Request shall be responded to fully unless it is in good faith objected to, in which event the reasons for the objection shall be stated with specificity. If an objection pertains to only a portion of a Request, or to a word, phrase, or clause contained in a Request, you shall state your objection to that portion only and produce all Documents responsive to the remainder of the Request.

4.      If any Document is withheld on the grounds of privilege, work product or otherwise, identify the following: (a) the kind of document (e.g., memorandum, letter, notes,

7

electronic mail, etc.) that is being withheld; (b) the date of the document or, if no date appears thereon, the approximate date the document was prepared; (c) the identity of the author(s); (d) the identity of the Person(s) to whom the document is addressed; (e) the identity of any other recipients of the document; (f) the identity of any attachments to the documents and whether the attachments have been produced; (g) the subject matter or the information contained in the document; (h) the nature of the privilege or immunity asserted, or the other grounds for withholding the document, including, if applicable, the attorney and the client involved; and (j) any additional information necessary to enable the Court to adjudicate the propriety of the claim of privilege.  If a portion of a Document contains information subject to a claim of privilege, only that portion shall be redacted and the remainder shall be produced, and the information listed above shall be provided with respect to the redacted portion.

5.     If no Documents exist that are responsive to a particular paragraph of these Requests, so state in writing.

6.     If, in responding to these Requests, you claim any ambiguity in a Request, or in a Definition or Instruction applicable to a Request, such claim shall not be utilized as a basis for refusing to respond, but you shall set forth as part of your response the specific language deemed to be ambiguous and the interpretation used in responding to the Request.

7.     Each Request shall be construed according to its own terms, subject to these Definitions and Instructions. Although some of the Requests may overlap with others, no Request should be read as limiting any other.

8.     Each Request shall be deemed to include a Request for all transmittal sheets, cover letters, exhibits, enclosures, and attachments to any responsive Documents in addition to the responsive Documents themselves, without abbreviation or expurgation.

9.      In responding to the Requests, you shall produce all responsive documents available at the time of production, and you shall supplement your responses as required by Federal Rule of Civil Procedure Rule 26.

10.      Unless otherwise indicated, you shall produce documents that were created during the period  May 1, 2018 through the present.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:**

Produce the most recent photograph or image that you have of each of Plaintiffs' Children.

**Request for Production No. 2:**

Produce the current file maintained by HHS for each of Plaintiffs' Children, commonly called the "ORR File."

**Request for Production No. 3:**

Produce the current file maintained by DHS for each Plaintiff, commonly called the "A-file."

**Request for Production No. 4.**

Produce all Documents you plan to introduce into evidence at any hearing on Plaintiffs' Application for a Preliminary Injunction, filed on June 20, 2018 (ECF No. 13) in the Action.

## REQUESTS FOR ADMISSION

### Instructions for Requests for Admission

1.      Each Request for Admission shall be answered completely and separately.

2.      If an objection is made, the reasons therefore shall be stated.  The answer shall specifically deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter.

3.      Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, a denial shall fairly meet the substance of the requested admission, and when good faith requires that you qualify an answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder.

4.      With respect to each of the Requests for Admission, if a claim of privilege provides the basis, in whole or in part, upon which you assert that you cannot truthfully and without reservation admit or deny the matter, identify, for each such matter, the nature of the privilege asserted, and basis for the claim of privilege.


## REQUESTS FOR ADMISSION

**Request for Admission No. 1:**

Admit that Defendants arrested each Plaintiff together with a child or children at or near the U.S.-Mexico border.


**Request for Admission No. 2:**

Admit that after Defendants arrested Plaintiffs, Defendants forcibly separated Plaintiffs from their children.

10

**Request for Admission No. 3:**

Admit that for adults, an arrest for a first-time violation of 8 U.S.C. § 1325(a) typically results in

pre-trial detention for less than a week.

**Request for Admission No. 4:**

Admit that until President Donald J. Trump's June 20, 2018 Executive Order, *available at*

https://www.whitehouse.gov/presidential-actions/affording-congress-opportunity-address-

family-separation/,  Defendants used pre-trial detention following an arrest for alleged violation

of 8 U.S.C. § 1325(a), standing alone, as sufficient basis for separating immigrant parents from

their children.

**Request for Admission No. 5:**

Admit that Plaintiff M.G.U. was not criminally prosecuted under 8 U.S.C. § 1325(a) in

connection with her entry into the United States in May 2018.

**Request for Admission No. 6:**

Admit that the following documents filed in this case are authentic copies of Defendants'

documents:  (a) ECF No. 1-1; (b) ECF No. 1-2; (c) ECF No. 1-4; (d) ECF No. 1-5; (e) ECF No.

13-2; (f) ECF No. 13-3; and (g) ECF No. 13-8.

**Request for Admission No. 7:**

Admit that, on or about March 7, 2017, in an interview taped for Cable News Network ("CNN"),

*available at* https://www.cnn.com/2017/03/06/politics/john-kelly-separating-children-from-

parents-immigration-border/index.html, in response to a question from Wolf Blitzer asking, "[i]f

you get some young kids who are coming in, manage to sneak into the United States, with their

parents, are Department of Homeland Security personnel going to separate the children from

their moms and dads?" then-Secretary of Homeland Security John Kelly responded with the

following statement, or a substantially similar statement:  "Yes, I am considering, in order to

deter more movement along this terribly dangerous network, I am considering exactly that."

**Request for Admission No. 8:**

Admit that, in an interview audio-taped for National Public Radio on or about May 11, 2018,

White House Chief of Staff John Kelly made the statements in italicized text below, or

substantially similar statements, the transcript of which is available at

https://www.npr.org/2018/05/11/610116389/transcript-white-house-chief-of-staff-john-kellys-

interview-with-npr:

Mr. Burnett: Are you in favor of this new move announced by the attorney general early this
week that if you cross the border illegally even if you're a mother with your children [we're
going] to arrest you? We're going to prosecute you, we're going to send your kids to a juvenile
shelter?

*Mr. Kelly:  The name of the game to a large degree.  Let me step back and tell you that the vast
majority of the people that move illegally into United States are not bad people.  They're not
criminals.  They're not MS-13.  Some of them are not.  But they're also not people that would
easily assimilate into the United States into our modern society.  They're overwhelmingly rural
people in the countries they come from – fourth, fifth, sixth grade educations are kind of the
norm.  They don't speak English, obviously that's a big thing.  They don't speak English.  They
don't integrate well, they don't have skills.  They're not bad people.  They're coming here for a
reason.  And I sympathize with the reason.  But the laws are the laws.  But a big name of the
game is deterrence.*

Mr. Burnett: Family separation stands as a pretty tough deterrent.

*Mr. Kelly: It could be a tough deterrent — would be a tough deterrent.  A much faster
turnaround on asylum seekers.*

Mr. Burnett: Even though people say that's cruel and heartless to take a mother away from her children?

*Mr. Kelly: I wouldn't put it quite that way.  The children will be taken care of — put into foster care or whatever.  But the big point is they elected to come illegally into the United States and this is a technique that no one hopes will be used extensively or for very long.*

**Request for Admission No. 9:**

Admit that, on or about June 19, 2018, Steven Wagner, Acting Assistant Secretary in charge of children and families at the Department of Health and Human Services, made the following statement, or a substantially similar statement, on the record to reporters, including Julia Preston of the Marshall Project, *available at* https://www.themarshallproject.org/2018/06/19/what-you-should-know-about-family-separations:  "We expect the new policy will result in a deterrence effect.  We certainly hope that parents stop bringing kids on this dangerous journey and entering the country illegally."

**Request for Admission No. 10:**

Admit that there has been no change in federal statutes or regulations (as published in the Code of Federal Regulations) that occurred after January 1, 2013, which helped cause the increase in family separations of immigrants and their children that occurred in the nine months preceding July 1, 2018.

Dated:  July 3, 2018

Texas RioGrande Legal Aid, Inc.

  /s/ Jerome Wesevich
Jerome Wesevich (D.D.C. Bar No. TX0125)
Amanda Chisholm (Texas Bar No. 24040684)
Peter McGraw (Texas Bar No. 24081036)
1331 Texas Avenue

El Paso, Texas 79901
(915) 241-0534
jwesevich@trla.org
achisholm@trla.org
pmcgraw@trla.org


PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

David J. Ball (DC Bar No. 460055)
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7352
dball@paulweiss.com

Steven C. Herzog (admitted *pro hac vice*)
Meredith A. Arfa (admitted *pro hac vice*)
Katherine Kelly Fell (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
sherzog@paulweiss.com
marfa@paulweiss.com
kfell@paulweiss.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| M.G.U., *et al.*, | |
| Plaintiff, | Civil Action No. 1:18-cv-1458 (PLF) |
| v. | |
| KIRSTJEN NIELSEN, *et al.*, | |
| Defendants. | |

## [PROPOSED] ORDER FOR EXPEDITED DISCOVERY

This case is before the Court for consideration of the Plaintiff's Emergency Motion for Expedited Discovery.  After review of the submissions and the entire record herein, and good cause appearing, it is hereby:

ORDERED that Plaintiff's Emergency Motion for Expedited Discovery is hereby GRANTED; and further,

ORDERED that Defendants shall respond to Plaintiffs' Expedited Discovery Requests to Defendants, attached as Exhibit 2 to the Declaration of Jerome Wesevich in Support of Plaintiff's Motion (the "Wesevich Declaration") and produce responsive, non-privileged documents and information no later than July 11, 2018 at 10:30 AM ET.

IT IS SO ORDERED.


Dated:  Washington, D.C.
          July _____, 2018


_____
United States District Court Judge

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to LCvR 5.3, I hereby certify that, on July 3, 2018, I caused to be electronically filed a copy of the foregoing [Proposed] Order for Expedited Discovery to be served on all counsel of record using the Court's CM/ECF system.


  /s/ Jerome Wesevich
Jerome Wesevich (D.D.C. Bar No. TX0125)