UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| M.G.U, *et al.* ) | | |
| ) | | |
| ) | | |
| Plaintiffs, ) | No. 1:18-cv-01458 (PLF) | |
| ) | | |
| v. ) | | |
| ) | | |
| KIRSTJEN NIELSEN, *et al.,* ) | | |
| ) | | |
| Defendants. ) | | |

**JOINT STATUS REPORT**

The parties, by and through their undersigned counsel, respectfully submit the following report on the status of the matters addressed at the hearing before the Court on June 27, 2018, regarding the relief requested in Plaintiffs' motion for temporary restraining order ("TRO Motion"), ECF No. 8.

In compliance with the Court's order for a joint status report, the parties' separate statements follow.

**PLAINTIFFS' POSITION**

1. Plaintiffs have requested that the Court issue a TRO requiring that the Government provide each Plaintiff certain information about, and communication with, each of their children, as set forth in their TRO Motion, ECF No. 8 at 2. Plaintiffs need this immediate relief to reduce the irreparable harm that they suffer while this Court decides the reunification issues presented in the pending Application for a Preliminary Injunction, ECF No. 13.

2. In resisting entry of a TRO, Defendants promised to supply certain information to Plaintiffs. ECF No. 16-1. After hearing on June 27, the Court held the Motion in abeyance

while Plaintiffs evaluated whether Defendants' performance pursuant to their agreement produced sufficient information and communication, and ordered the parties to file a Joint Status Report by July 5, 2018.

3. Plaintiffs have communicated their requests and concerns over the past week by phone and email to counsel for the Defendants, and through daily calls to Defendants' employees.

4. Plaintiffs and Defendants have resolved several issues pertaining to the Motion.

5. However, Plaintiffs submit that the Court should order relief with respect to four outstanding points, as detailed below:

    a. The Government has yet to provide any information about reunification plans, conditions, or dates. Case managers with whom Plaintiffs have communicated have offered no insight into reunification, referring Plaintiffs to unnamed federal officials. Thus, the Government has not honored the following representation to Plaintiffs and the Court: "The case manager is responsible for facilitating reunification. If an estimated date is available, the case manager can provide that information. If no estimate can be provided the case manager can provide information and updates regarding the reunification process and the steps that need to be completed prior to reunification." ECF No. 16-1 at 1. The Court should order Defendants to provide to Plaintiffs' counsel detailed information regarding Defendants' plans to reunify Plaintiffs with their children, including anticipated dates of reunification with each child and any actions or events that must occur prior to such reunification.

    b. Plaintiffs have not had sufficient contact with their children. Plaintiffs stand ready to provide the Court with additional details of the various hurdles in arranging communications between each Plaintiff and each of their children, but, at its core,

Defendants have failed to ensure coordination between DHS and HHS to facilitate these calls. *Cf.* ECF No. 16 at 3 ("Defendants have also agreed to provide Plaintiffs with regular, consistent communication with their children."). Not only are Plaintiffs being forcibly separated from their children without any legitimate reason, they are unable to communicate with their children on a sufficiently frequent basis. For example:

  i.  Plaintiff A.P.F. did not speak to his daughter for the first time until July 3, almost a month after separation and a week after this Court's TRO hearing. On June 27, 2018, A.P.F. first learned that his daughter is housed within a 10-20 minute drive from where A.P.F. is housed, but Defendants have made no effort to permit A.P.F to visit her child or vice versa.

  ii. Plaintiff M.G.U has been able to speak with her children by phone roughly 2-3 times per week, but they speak with their father in Mexico daily. Moreover, her children include a two-year old son who, by virtue of his age, has difficulty communicating verbally. Accordingly, videoconference communication is necessary. (See, e.g., ECF No. 13-2 at 3 ("every effort is made to ensure minors are able to communicate (either telephonic or video depending on the circumstances) with their parent or guardian (at least twice per week)"); see also id. at 2 (ICE "will enhance current processes to ensure communication with children in HHS custody")); and

  iii. E.F. has been allowed to speak with her son twice over the past week, but they are both still devastated by their separation and both would be comforted by more frequent calls.

In light of the foregoing, the Defendants should be ordered to arrange at least four (4) telephone calls per week between Plaintiffs and each of their children, including at least one (1) videoconference call, until Plaintiffs are reunited with their children.

    c. Plaintiffs have learned more information about their children's wellbeing over the past week, and this improved flow of information has afforded them some comfort. However, certain logistical issues have hampered the flow of information to a detrimental level. The logistical difficulties include: (1) case managers apparently do not work on weekends or holidays, preventing any access information on these days; (2) when working, case managers are often not at their desks or do not answer calls, instead returning calls [hours] later; (3) neither case managers nor counsel can call detention facilities without prior authorization from ICE, effectively preventing case managers from returning Plaintiffs' calls; and (4) Plaintiffs on occasion have to pay to call case managers or their children using commissary funds, and telephones at Plaintiffs' detention facilities have been unavailable or in disrepair. As a result, Plaintiffs have been deprived of learning certain critical information, specifically: the type of medication being administered to Plaintiffs' children by Defendants; (2) details about the "therapy" and "counseling" Defendants are providing to Plaintiffs' children, except that it involves bully and abuse prevention; (3) accurate information about who is sharing rooms with Plaintiffs' children; and (4) little or no information about Plaintiffs' children's schooling and educational performance. Plaintiffs seek an order from the Court that Defendants ensure and arrange, at a minimum, at least one (1) phone call per week between the case manager for each of Plaintiffs' children and Plaintiffs until Plaintiffs are reunited with all of their children.

      d.  Plaintiffs understood from the June 27 hearing that if they stipulated to a protective order, they would learn the "name of the facility where each child is being held . . . and the address for each facility . . . ."  ECF No. 16 at 3.  The Court entered a protective order on June 29 (ECF No. 29), resolving any proffered confidentiality concerns of the Government.  Yet Defendants have refused to provide the address where Plaintiff E.F.'s 9-year-old boy, B.Y.A.F., is detained on the ground that it purportedly is a foster home.  In light of the agreed-upon protective order entered by the Court, the Court should order Defendants to provide the address for the home or facility where E.F.'s child, B.Y.A.F., is currently detained.

    6.    Plaintiffs seek a TRO remedying the four above-identified deficiencies by requiring Defendants to immediately undertake the actions requested above, in addition to those actions that Defendants already agreed to undertake as stated in in ECF No. 16-1.

    7.    The need for injunctive relief in this case is not obviated by the fact that the Government has demonstrated some improvement in providing access to information.  Partial cessation of illegal activity does not permit an agency to avoid injunctive relief.  *See True the Vote, Inc. v. IRS*, 831 F.3d 551, 561 (D.C. Cir. 2016), *cert. denied sub nom. True the Vote, Inc. v. Lerner*, 137 S. Ct. 1068 (2017); *see also* 13C WRIGHT, MILLER, & COOPER, *et al.*, FED. PRAC. & PROC. JURIS. § 3533.7 Discontinued Official Action (3d ed. & April 2018 Update) ("The court must decide whether there has been complete discontinuance, whether effects continue after discontinuance, and whether there is any other reason that justifies decision and relief.").

    8.    The usual role of preliminary injunctive relief is to preserve the status quo pending the outcome of litigation. The term "status quo" refers to "the last uncontested status which preceded the pending controversy."  *Bldg. and Const. Trades Dept., AFL-CIO v.*

*Allbaugh*, 172 F. Supp. 2d 67, 76 (D.D.C. 2001). The last uncontested status at issue here occurred when Plaintiffs and each of their children approached immigration officials *together* near the U.S.-Mexico border.

9.      Plaintiffs need immediate, clear standards for what information and communication they are allowed while they are separated from their children. Plaintiffs urge the Court to enter the attached proposed order to establish the standards that Defendants failed to develop as they implemented their family separation policy. *See Ms. L. v. ICE,* No. 18cv0428, 2018 WL 3129486 at *1 (S.D. Cal. June 26, 2018) ("Measures were not in place to provide for communication between governmental agencies responsible for detaining parents and those responsible for housing children, or to provide for ready communication between separated parents and children. There was no reunification plan in place, and families have been separated for months."); *US v. Dominguez-Portillo*, No. 17mj4409, 2018 WL 315759 at *1-2 (W.D. Tex. Jan. 5, 2018) (parents "had not received any paperwork or information concerning the whereabouts or well-being" of their children).

**DEFENDANTS' POSITION**

1.      On July 3, 2018, undersigned defense counsel sent an email to Plaintiffs' counsel advising that defense counsel had not been made aware of any issues with regard to the provision of information from ORR to the Plaintiffs and to counsel for Plaintiffs. The email asked Plaintiffs' counsel to advise if there were any issues from the standpoint of the Plaintiffs.

2.      In response, and after conferring with undersigned defense counsel, Plaintiffs' counsel provided an email identifying the following issues:

    a. APF had not yet spoken to his daughter, and that EF has spoken to her son once. Plaintiffs also again requested telephone communication with their children three times per week instead of two times per week which Defendants had proposed at the June 27 hearing.

    b. Plaintiffs' counsel reiterated his request for additional information about the government's plans to reunify his clients with their children.

    c. In addition to the information that Plaintiffs have received about their children receiving medications and counseling, Plaintiffs would like the case workers to identify the medications the children have received, or information about the nature and purpose of any counseling that has been provided.

    d. Plaintiffs' counsel in the email stated that "[t]he case managers have generally tried to be helpful, but the logistics of having counsel serve as intermediary, combined with turnover among case managers and unavailability on weekends, has prevented the parents from getting the details they seek about their children's well-being. We ask that you investigate whether AFOD can facilitate a brief call directly between each parent and each case manager at least once per week."

    e. Plaintiffs' counsel requested that a medical professional visit with and evaluate the children in New York.

3. As to the items identified above, Defendants state as follows: (a) Defendants are ensuring that there is coordination between the children's facilities and the facilities where Plaintiffs are held to better facilitate these phone calls; (b) Defendants will provide to this Court

any status report that is provided to the Court in *Ms. L., et al. v. ICE, et al.*, Case No. 18-cv-0428 (S.D. Cal.) on or before the July 6, 2018 status conference in that case, which provides an update as to reunification efforts to extent Plaintiffs are members of the class certified in that case; (c) Defendants agree to arrange a call with a clinician who can provide additional medical information; (d) although this goes beyond the scope of information that Defendants agreed to provide at the June 27 hearing, Defendants agree to coordinate calls between the parents and the case managers; (e) although this issue goes beyond the scope of information that Defendants agreed to provide at the June 27 hearing, Defendants have agreed to allow the medical professional to visit with the children and are waiting for Plaintiffs to provide contact information to arrange that visit.

4. Defendants propose that the parties be prepared to address any disagreements identified above at the preliminary injunction hearing now set for July 12, 2018.

5. Defendants maintain their objection to the entry of Plaintiffs' requested TRO for the reasons stated in their opposition filing, as well as in their opposition to preliminary injunction being filed on July 6, 2018.

Respectfully submitted,

TEXAS RIOGRANDE LEGAL AID, INC.

  /s/ Jerome Wesevich
Jerome Wesevich (D.D.C. Bar No. TX0125)
Amanda Chisholm (Texas Bar No. 24040684)
Peter McGraw (Texas Bar No. 24081036)
1331 Texas Avenue
El Paso, Texas 79901
(915) 241-0534
jwesevich@trla.org
achisholm@trla.org
pmcgraw@trla.org

|  |  |
|---|---|
|  | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
|  | David J. Ball (DC Bar No. 460055)<br>2001 K Street, NW<br>Washington, DC 20006-1047<br>(202) 223-7352<br>dball@paulweiss.com |
|  | Steven C. Herzog (admitted pro hac vice)<br>Meredith A. Arfa (admitted pro hac vice)<br>Katherine Kelly Fell (admitted pro hac vice)<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>(212) 373-3000<br>sherzog@paulweiss.com<br>marfa@paulweiss.com<br>kfell@paulweiss.com |
|  | *Attorneys for Plaintiffs* |
|  | — AND — |
| DATE: July 5, 2018 | Respectfully submitted,<br>CHAD A. READLER<br>Acting Assistant Attorney General<br>WILLIAM C. PEACHEY<br>Director<br>WILLIAM C. SILVIS<br>Assistant Director |
| By: | Sarah B Fabian<br>SARAH B. FABIAN<br>Senior Litigation Counsel<br>U.S. Department of Justice<br>Office of Immigration Litigation<br>District Court Section<br>Box 868, Ben Franklin Station<br>Washington, DC 20442<br>Telephone: (202) 532-4824<br>Fax: (202) 616-8962<br>E-mail: Sarah.B.Fabian@usdoj.gov |
|  | and |

JESSIE K. LIU, D.C. Bar #472845
United States Attorney
DANIEL F. VAN HORN
D.C. BAR # 924092
Civil Chief

JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.simon@usdoj.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

M.G.U., *et al.*,

                       Plaintiffs,

       v.

KIRSTJEN NIELSEN, *et al.*,

                       Defendants.

No. 1:18-cv-01458 (PLF)

**[PROPOSED] ORDER**

WHEREAS, on June 22, 2018, Plaintiffs in the above-captioned action filed an Application for a Temporary Restraining Order ("TRO Motion") seeking specific information about Plaintiffs' children who are currently detained by Defendants, including the following:

    (a) the complete address where each of Plaintiffs' children are currently located;

    (b) the government's most accurate estimate of the date that it anticipates reuniting each Plaintiff parent with each child;

    (c) a description of the setting where each of Plaintiffs' children resides, whether home or institutional;

    (d) the name, age and gender of each person primarily responsible for each of Plaintiffs' children's care;

    (e) whether any of Plaintiff's children has suffered any accident or illness;

    (f) a description of each of Plaintiff's children's activities during that day; and

    (e) frequent and meaningful access to or communication between each Plaintiff and each of their children via telephone or video link;

    WHEREAS, on June 26, 2018, Plaintiffs filed an Application for a Preliminary

Injunction seeking immediate reunification of Plaintiffs and their children;

WHEREAS, on the June 27, 2018, the Court held a hearing on the TRO Motion, and held the TRO Motion in abeyance for the reasons stated on the record;

WHEREAS, at the June 27, 2018 hearing, the Court suggested that the parties confer regarding the extent to which the Government voluntarily provided relief requested by Plaintiffs in the TRO Motion and provide the Court with a Joint Status Report by July 5, 2018;

WHEREAS, the parties submitted a Joint Status Report on July 5, 2018;

WHEREAS, the parties report that they have resolved certain issues raised in the TRO Motion, including the Government's:  (a) provision to Plaintiffs of addresses where the majority of Plaintiffs' children are detained; (b) agreement to ensure coordination between the children's detention facilities and Plaintiffs' detention facilities to facilitate phone calls between Plaintiffs and their children; (c) arrangement for calls to occur between Plaintiffs and a clinician to provide medical information about Plaintiffs' children to Plaintiffs; (d) arrangement for a clinician of Plaintiffs' choosing to evaluate Plaintiffs' children; and (e) agreement to facilitate calls between Plaintiffs and the their children's respective case managers;

WHEREAS, the parties have been unable to resolve other issues for which Plaintiffs seek relief;

NOW, based on a review of the parties' submissions and the entire record herein, it is hereby ORDERED that:

1. By July _____, 2018, Defendants shall provide to Plaintiffs' counsel detailed information regarding Defendants' plans to reunify Plaintiffs with their children, including anticipated dates of reunification with each child and any actions or events that must occur prior to such reunification;

        2.        Defendants shall arrange at least four (4) phone calls per week between Plaintiffs and each of their children, including at least one (1) videoconference call, which calls shall continue until Plaintiffs are reunited with all of their children;

        3.        Defendants shall ensure and arrange at least one (1) phone call per week between the case manager for each of Plaintiffs' children and Plaintiffs until Plaintiffs are reunited with all of their children; and

        4.        By July ____, 2018, Defendants shall provide the address for the home or facility where E.F.'s child, B.Y.A.F., is currently detained.

Dated: Washington, D.C.
       July __, 2018

                                      SO ORDERED:

                                      _____
                                      PAUL L. FRIEDMAN
                                      United States District Judge