UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| M.G.U, *et al.* ) | |
| ) | |
| ) | |
| Plaintiff, ) | No. 1:18-cv-01458 (PLF) |
| ) | |
| v. ) | |
| ) | |
| Kirstjen Nielsen, *et al.,* ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR EXPEDITED DISCOVERY**

On July 3, 2018, almost two weeks after filing this action, Plaintiffs have filed what they style as an "emergency" motion for expedited discovery that they claim is necessary to "develop the evidentiary record to support [their] preliminary injunction application" which is scheduled for a hearing at 10:30 a.m. on July 12, 2018.  (Mot. at 1)  Plaintiffs, however, cannot credibly contend that the discovery is necessary for their preliminary injunction motion since Plaintiffs filed their motion for preliminary injunction over one week ago, on June 26, 2018, without an accompanying motion for discovery.[1]  As discussed more fully below, moreover, Defendants raise threshold legal arguments in opposition to the motion for preliminary injunction that are purely legal in nature and do not require for their resolution the discovery that Plaintiff is requesting.

---

[1]    Plaintiffs' referenced the possibility of a motion for "limited, expedited" discovery in a footnote in their motion for preliminary injunction. (PI Mot. at 3 n.2)  In that same footnote, however, they contend that the allegations on which their preliminary injunction motion is based "are readily available from the Government's own recent records and public statements." (*Id.*)  Accordingly, Plaintiffs' own contentions undermine the need for discovery, either "expedited" or otherwise.

Nor can Plaintiffs credibly style their motion as an "emergency" given that Plaintiffs had several opportunities to claim the need for discovery and seek to incorporate any proposed discovery into the preliminary injunction motion schedule but failed to do so. For instance, on June 26, 2018, the Court ordered the parties to confer about a schedule and propose "dates and times for a hearing the week of July 9, 2018 or July 16, 2018." That same day, the parties jointly proposed a schedule in which Defendants' opposition would be due Friday, July 6, 2018, Plaintiffs' reply would be due Monday, July 9, 2018, and a hearing would be held on Thursday, July 12, 2018, which the Court subsequently adopted. Had Plaintiffs' counsel believed discovery was necessary, the time to raise the issue was when the schedule to govern the preliminary injunction proceeding was proposed. Plaintiffs also failed to raise the issue at the hearing on June 27, 2018. Now, the timing of the motion for discovery is such that, were the Court to grant the motion, it would not be possible for Defendants to comply before Plaintiffs' reply memorandum is due on July 9, 2018, and it would be prejudicial to Defendants to order them to comply prior to the July 12, 2018 hearing given existing demands on Defendants' resources.

## ARGUMENT

Plaintiffs have filed two distinct motions with the Court seeking injunctive relief. The first motion was a motion for temporary restraining order that was addressed to a limited issue; specifically, to request that the Court order Defendants to provide them with certain information regarding their children who are currently in the custody of the U.S. Department of Health and Human Service, Office of Refugee Resettlement ("ORR"), as well as regular communication with their children. The Court heard that motion on June 27, 2018, and has held it in abeyance pending further updates from the parties as to whether the information Defendants agreed to provide at the hearing has been forthcoming.

The second motion is the motion for preliminary injunction which challenges the Plaintiffs' separation from their children. Plaintiffs' request for discovery is directed toward that motion, which is scheduled for a hearing on July 12, 2018. Plaintiffs contend that the requested discovery is necessary to develop an evidentiary record for the Court to resolve the preliminary injunction. This argument fails for two reasons.

First, as set forth more fully in Defendants' opposition to the motion for preliminary injunction, Defendants raise several threshold legal arguments in response to Plaintiffs' motion for preliminary injunction that do not require the requested discovery for their resolution. Defendants argue, as a threshold matter, that a separate lawsuit seeking injunctive relief in this district is inappropriate because Plaintiffs are class members in *Ms. L., et al. v. ICE, et al.*, Case No. 18-cv-0428 (S.D. Cal.) and, as such, already are beneficiaries of the preliminary injunction order in that case. *See, e.g., McNeil v. Guthrie*, 945 F.2d 1163, 1165-1166 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action. To permit them would allow interference with the ongoing class action.") Defendants also argue as a threshold matter that this Court lacks jurisdiction over Plaintiffs claims, and over any request for the release of Plaintiffs or their children, none of whom are in custody within the jurisdiction of this Court. None of the discovery requested by Plaintiffs is addressed to these issues.

Second, much, if not all, of the information requested either is not necessary for the resolution of the issue before the Court on the motion for preliminary injunction, or need not be provided in the form of a formal discovery response. For instance, most of the interrogatories seek information as to when Defendants anticipate reuniting each Plaintiff with his or her children, which is an issue previously raised in Plaintiffs' motion for temporary restraining order

(and already was addressed at the June 27, 2018 hearing on that motion).  Moreover, to the extent there have been any further developments on that issue since the prior hearing, they are set forth in Defendants' response to the motion for preliminary injunction, and defense counsel can further update the Court at the preliminary injunction hearing.

Another interrogatory (and at least two of the four document requests[2]) seek information about the status of Plaintiffs' children, which is the subject of the motion for temporary restraining order and not the preliminary injunction motion.  The remaining interrogatories seek the basis for separating each Plaintiff and his or her children, and the government already has stated its position on that issue in its response to the preliminary injunction motion.  The admission requests largely address information that already is publicly available such as, for instance, requests to admit that certain government officials made statements attributed to them by news organizations.   For purposes of the preliminary injunction motion, the Court can weigh the evidentiary value of the matters that are the subject of the admission requests without the need for formal responses to those requests.

---

[2]  Of the two remaining document requests, one seeks all documents that Defendants plan to introduce into evidence at the preliminary injunction hearing.  At present, Defendants state that there are no documents responsive to that request except to the extent attached to Defendants' opposition to the motion for preliminary injunction.

## **CONCLUSION**

For the foregoing reasons, the motion for expedited discovery should be denied.

DATE: July 6, 2018                               Respectfully submitted,

                                                 CHAD A. READLER
Acting Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director

By:   <u>Sarah B Fabian</u>
SARAH B. FABIAN
Senior Litigation Counsel
U.S. Department of Justice
Office of Immigration Litigation
District Court Section
Box 868, Ben Franklin Station
Washington, DC 20442
Telephone: (202) 532-4824
Fax: (202) 616-8962
E-mail: Sarah.B.Fabian@usdoj.gov

        and

JESSIE K. LIU, D.C. Bar #472845
United States Attorney
DANIEL F. VAN HORN
D.C. BAR # 924092
Civil Chief

JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.simon@usdoj.gov

*Counsel for Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2018, I served the foregoing pleading on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

/s/ Sarah B. Fabian
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

*Attorney for Respondents*