IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| M.G.U., *et al.*,<br><br>             Plaintiff,<br><br>         v.<br><br>KIRSTJEN NIELSEN, *et al.*,<br><br>             Defendants. | Civil Action No. 1:18-cv-1458 (PLF) |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN
SUPPORT OF THEIR EMERGENCY MOTION FOR EXPEDITED DISCOVERY**

The Government's Opposition to Plaintiffs' Emergency Motion for Expedited Discovery ("Opposition" or "Opp.") ignores the standards that courts in this District use in determining whether to grant expedited discovery when motions for preliminary injunctions are pending. The Government instead focuses on the timing of Plaintiffs' requests and Defendants' unspecified prejudice in complying with those requests. These arguments miss the mark.

Plaintiffs' Expedited Discovery Requests—which the Government does not dispute are limited in nature—were served one week after Plaintiffs' Motion for a Preliminary Injunction (the "PI Motion"). One week to prepare and serve such requests in a dynamic, expedited litigation of this nature can hardly be considered unreasonable delay. The reasonableness of the expedited discovery is determined not by how long the discovery took to craft, but rather by how long the Government has to answer it, and whether this time is reasonable. Defendants do not explain why complying with the Expedited Discovery Requests prior to the July 12, 2018 Preliminary Injunction Hearing ("PI Hearing") is purportedly "prejudicial." (Opp. at 2.) Defendants' conclusory statements should not be credited, particularly because the information that Plaintiffs seek is readily accessible to Defendants.

The Government also argues about the legal sufficiency of Plaintiffs' PI Motion. (Opp. at 3.) As a threshold matter, legal sufficiency of a motion for a preliminary injunction is not an enumerated factor under the reasonableness standard for expedited discovery. Even if legal sufficiency were properly considered on this motion, under the *Notaro* standard, for the reasons set forth in the Plaintiffs' Reply in Support of its PI Motion (the "PI Reply"), Plaintiffs are likely to succeed on their PI Motion. The *Ms. L* class action pending in the Southern District of California (*Ms. L* v. *ICE*, No. 18-cv-0428 (S.D. Cal.)) is no bar to obtaining a preliminary injunction here, particularly when one of the Plaintiffs may not even be a member of the preliminarily certified class in *Ms. L*. And as set forth in Plaintiffs' forthcoming PI Reply, the Court has jurisdiction over Plaintiffs' claims here. Because Plaintiffs are entitled to show that they can obtain a preliminary injunction here, expedited discovery from Defendants is appropriate. The question before the Court is whether Plaintiffs should be granted expedited discovery before the PI Hearing commences on July 12. The answer is unquestionably yes. Plaintiffs respectfully request that the Court order Defendants to respond to the Expedited Discovery Requests no later than 1:00 p.m. Eastern Standard Time on July 11, 2018.

I.     **PLAINTIFFS' DISCOVERY REQUESTS ARE REASONABLE**

Plaintiffs' Motion for Expedited Discovery ("Motion for Expedited Discovery") was filed on July 3, one week after Plaintiffs' PI Motion and less than a week after the June 27, 2018 hearing before the Court on Plaintiffs' Application for a Temporary Restraining Order. As Defendants concede, Plaintiffs advised the Court and Defendants that limited discovery requests pertaining to the specific facts alleged in the PI Motion would be forthcoming. (Opp. at 1 n.1.) At the time the Motion for Expedited Discovery was filed, Defendants had one week to respond to a narrow and targeted set of discovery requests. Given the nature of relief sought in these proceedings—the reunification of Plaintiffs' and their forcibly separated children—the timing of

the Expedited Discovery Requests, and the time in which Plaintiffs seek to have Defendants respond, are wholly reasonable. In an expedited litigation of this nature where core constitutional rights are at stake as a result of Defendants' conduct, Plaintiffs should be permitted to obtain expedited discovery.

Further, Defendants now claim—without any explanation—that if the Court were to grant Plaintiffs' Motion for Expedited Discovery, "it would be prejudicial" for Defendants to comply prior to the PI Hearing "given existing demands on Defendants' resources." (Opp. at 2.) Yet Defendants offer no details regarding what resources are implicated to respond to the core questions of this action, such as the bases for separating Plaintiffs from their children and the bases for continued separation. Accordingly, Plaintiffs' limited discovery requests should be presumed to be of minimal burden and Defendants should be compelled to respond to them. *See Attkisson* v. *Holder*, 113 F. Supp. 3d 156, 165 (D.D.C. 2015) ("When the burden is low, such as responding to only one or a few discovery requests, then this factor supports granting the motion for expedited discovery.").

## II.  PLAINTIFFS ARE ENTITLED TO EXPEDITED DISCOVERY

As discussed above, the legal sufficiency of Plaintiffs' PI Motion is not an enumerated factor under the reasonableness test. *See id.* at 162. But in any case, as Plaintiffs explain in the PI Motion and the PI Reply, Plaintiffs are entitled to preliminary relief and the Court has jurisdiction over Plaintiffs' claims. Contrary to Defendants' arguments (Opp. at 3), *Ms. L* does not serve as a basis for staying the pending action, let alone denying Plaintiffs' PI Motion.

The Government asserts that Plaintiff M.G.U. has some form of criminal history of unknown vintage (M.G.U. estimates 19 years old), and thus may not fall within the definition of the certified class in *Ms. L. Ms. L.* v. *ICE*, No. 18-cv-0428, 2018 WL 3129486, at *3 n.5 (S.D.

Cal. June 26, 2018) (noting that the class "does not include parents with criminal history"). At a minimum, discovery should proceed as to M.G.U, if not all Plaintiffs. As the Government in *Ms. L* seeks relief from the deadlines imposed there, the uncertainty of the *Ms. L* action warrants hearing Plaintiffs' PI Motion. *See* Ex. 2 to Defs.' Opp. to Pls.' Motion for Prelim. Inj., Dkt. No. 27-2 at 1 ("Defendants thus seek . . . relief from the [*Ms. L*] Court's deadlines."), 8 ("HHS seeks partial relief from the timelines in the [*Ms. L*] Court's order . . . ."). Plaintiffs thus meet the *Notaro* standard and are entitled to expedited discovery to help establish their claims at the PI Hearing. Plaintiffs will be unduly prejudiced if denied discovery simply because Defendants believe they will prevail at the PI Hearing.

### III. PLAINTIFFS' DISCOVERY REQUESTS ARE RELEVANT

Defendants' final argument is that the information sought by Plaintiffs "is not necessary for resolution of the issue before the Court," or "need not be provided in the form a formal discovery response." (Opp. at 3.) But the discovery sought is plainly relevant. The Interrogatories regarding reunification timing and conditions precedent for reunification will greatly assist Plaintiffs and the Court in understanding the scope of relief that should be ordered.[1] For example, if Defendants claim that reunification of all Plaintiffs is possible by July 14, the Court could simply order that reunification occur by then. If Defendants claim that a DNA test of each parent and child is required prior to returning Plaintiffs with their children, the Court could order those to occur forthwith and for reunification to occur within a certain timeframe upon confirmation of parentage. Plaintiffs and the Court should not be left in the dark regarding basic questions such as those presented by the requested discovery.

---

[1] None of the Interrogatories relate to the status of Plaintiffs' children. *Compare* Opp. at 4 *with* Expedited Discovery Requests at 4–5.

Regarding the purported bases for separation, Plaintiffs contend that Defendants instituted a blanket policy of separating families as a form of deterrence and punishment. Nothing in the Defendants' Opposition to the PI Motion explains *why* M.G.U. was separated from her children for an alleged non-violent and non-child related conviction that apparently occurred approximately two decades ago. And that conviction is not now preventing the Government from stating that it is attempting to reunify M.G.U. with her children, thus further belying the idea that this conviction provided a basis for taking M.G.U.'s children from her. Defendants should be required to explain whether the Government's family separation policy was used in M.G.U.'s case, and how that policy applies in her case.

Nor does Defendants' Opposition to the PI Motion explain why E.F. and A.P.F. remain separated from their children following their prosecution for misdemeanor immigration violations—violations for which they received no period of incarceration beyond time served. Having this information *before* the PI Hearing will allow Plaintiffs to better prepare to prosecute their constitutional claims. Receiving "further update[s]" at the PI Hearing (Opp. at 4) is extremely prejudicial to Plaintiffs' capacity to prepare for the PI Hearing, and is inconsistent with civil litigation practice in the federal courts. *See generally Standley v. Edmonds-Leach*, 783 F.3d 1276, 1283 (D.C. Cir. 2015) ("Automatic disclosure [under Rule 26] was adopted to end two evils that had threatened civil litigation: expensive and time-consuming pretrial discovery techniques and trial-by-ambush."). Plaintiffs are entitled to Defendants' bases for separation before the upcoming hearing.

As for the document requests, the documents sought are readily accessible to the Government and can be produced quickly. Indeed, the Government does not dispute this. The

Government should be ordered to produce the DHS and HHS files of Plaintiffs and their children.

Finally, the requests for admission in the Expedited Discovery Requests (the "RFAs"), were designed precisely so the Court would not be presented with unnecessary evidentiary objections and evidentiary-related arguments at the PI Hearing regarding, among other things, whether statements by certain government officials were made or whether certain documents are authentic government documents. If Defendants admit (or deny) these RFAs prior to the hearing, then the parties can narrow the issues to be litigated before the Court at the hearing.[2]

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court order Defendants to respond to the Expedited Discovery Requests no later than 1 PM ET on July 11, 2018.

Dated: Washington, D.C.
       July 9, 2018

                                           TEXAS RIOGRANDE LEGAL AID, INC.

                                           /s/ Jerome Wesevich
                                           Jerome Wesevich (D.D.C. Bar No. TX0125)
                                           Amanda Chisholm (Texas Bar No. 24040684)
                                           Peter McGraw (Texas Bar No. 24081036)
                                           1331 Texas Avenue
                                           El Paso, Texas 79901
                                           (915) 241-0534
                                           jwesevich@trla.org
                                           achisholm@trla.org
                                           pmcgraw@trla.org

---

[2] Alternatively, Defendants could easily stipulate to the authenticity of these statements and documents. But in either case, disclosure of Defendants' positions in advance of the PI Hearing is reasonable.

                                              PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

                                              David J. Ball (DC Bar No. 460055)
                                              2001 K Street, NW
                                              Washington, DC 20006-1047
                                              (202) 223-7352
                                              dball@paulweiss.com

                                              Steven C. Herzog (admitted *pro hac vice*)
                                              Meredith A. Arfa (admitted *pro hac vice*)
                                              Katherine Kelly Fell (admitted *pro hac vice*)
                                              1285 Avenue of the Americas
                                              New York, NY 10019-6064
                                              (212) 373-3000
                                              sherzog@paulweiss.com
                                              marfa@paulweiss.com
                                              kfell@paulweiss.com

                                              *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

       Pursuant to LCvR 5.3, I hereby certify that, on July 9, 2018, I caused to be electronically filed a copy of the foregoing Plaintiffs' Memorandum of Points of Law and Authority in Support of Its Emergency Motion for Expedited Discovery to be served on all counsel of record using the Court's CM/ECF system.

                                                     /s/ Jerome Wesevich
                                              Jerome Wesevich (D.D.C. Bar No. TX0125)