**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

M.G.U., *et al.*,

        Plaintiff, v.

KIRSTJEN NIELSEN, *et al.*,

        Defendants.

Civil Action No. 1:18-cv-1458 (PLF)

**NOTICE OF SUPPLEMENTAL PRELIMINARY INJUNCTION EVIDENCE**

Plaintiffs submit the following documents for consideration in the preliminary injunction hearing scheduled for July 12:

    Dkt. No. 36-1 – Defendants' Discovery Responses Served July 11, 2018
    Dkt. No. 36-2 – Form Produced July 11, 2018 Allegedly Executed by E.F. June 28, 2018
    Dkt. No. 36-3 – E.F. Declaration of July 11, 2018

                                                  Respectfully submitted,

Dated: Washington, D.C.
        July 11, 2018

                                                  TEXAS RIOGRANDE LEGAL AID, INC.

                                                  /s/ Jerome Wesevich
                                                Jerome Wesevich (D.D.C. Bar No. TX0125)
                                                Amanda Chisholm (Texas Bar No. 24040684)
                                                Peter McGraw (Texas Bar No. 24081036)
                                                1331 Texas Avenue
                                                El Paso, Texas 79901 (915)
                                                241-0534
                                                jwesevich@trla.org
                                                achisholm@trla.org
                                                pmcgraw@trla.org

        P AUL , W EISS , R IFKIND , W HARTON & G ARRISON LLP

        David J. Ball (DC Bar No. 460055)
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7352
dball@paulweiss.com

Steven C. Herzog (admitted *pro hac vice*)
Meredith A. Arfa (admitted *pro hac vice*)
Anand Sithian (admitted *pro hac vice*)
Katherine Kelly Fell (admitted *pro hac vice*)
1285 Avenue of the Americas New
York, NY 10019-6064
(212) 373-3000 sherzog@paulweiss.com
marfa@paulweiss.com
asithian@paulweiss.com
kfell@paulweiss.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to LCvR 5.3, I hereby certify that, on July 11, 2018, I caused to be electronically filed a copy of the foregoing document to be served on all counsel of record using the Court's CM/ECF system.

        /s/ Jerome Wesevich
        Jerome Wesevich (D.D.C. Bar No. TX0125)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| M.G.U, *et al.* ) | |
| ) | |
| ) | |
| Plaintiff, ) | No. 1:18-cv-01458 (PLF) |
| ) | |
| v. ) | |
| ) | |
| Kirstjen Nielsen, *et al.,* ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

**DEFENDANTS' RESPONSE TO
EXPEDITED DISCOVERY IDENTIFIED
IN JULY 9, 2018 MEMORANDUM OPINION AND ORDER**

Pursuant to the Court's Memorandum Opinion and Order dated July 9, 2018, Defendants respond as follows to those items of Plaintiffs' discovery requests to which the Court has directed a response on or before 12:00 p.m. on July 11, 2018.

## I. Interrogatories

**INTERROGATORY NO. 1:** What is the date on which you anticipate reuniting each Plaintiff with his or her child(ren), if at all?

**RESPONSE:** Defendants respond as follows with respect to each Plaintiff as set forth below:

M.G.U.: M.G.U. and her children were reunified on July 11, 2018.

A.P.F.: Per the order in *Ms. L., et al., v. U.S. Immigration and Customs Enforcement, et al.*, Case No. 18-cv-428 (S.D. Cal.), Defendants currently anticipate they will reunify A.P.F. and his child on or before that Court's deadline of July 26, 2018.

E.F.: E.F. is subject to a final order of removal, but is awaiting review of her negative credible fear decision by an immigration judge. On June 28, 2018, E.F. requested not to be reunified with her son prior to removal.

**INTERROGATORY NO. 2**: What events or conditions are currently known to you that you believe must occur before Plaintiffs are reunited with Plaintiffs' Children?

**RESPONSE:**  Defendants respond as follows with respect to each Plaintiff as set forth below:

<u>M.G.U.</u>: M.G.U. and her children were reunified on July 11, 2018.

<u>A.P.F.</u>: In accordance with the instructions of the court in *Ms. L,* including those issued in the status conference held July 10, 2018, HHS expects to verify the parent-child relationship, to the extent there is any concern regarding such parentage. Given the recent instructions from the court in *Ms. L*, HHS expects to reach out to the shelter housing the child of A.P.F. to determine if there are any doubts regarding the relationship, and take future steps accordingly. HHS also will assess the background of the parent by reviewing a summary of criminal background check information provided by DHS to determine if there is any criminal history that would be an impediment to reunification, as well as the case management record to determine indicia of child abuse or neglect.

If A.P.F. is found eligible for reunification based on the verification checks described above, then the tentative plan would be for ICE to transfer A.P.F. to the Karnes Family Residential Center (KFRC), in Karnes, Texas, and for HHS to transfer his daughter to KFRC. These tentative plans are subject to operational changes and developments in the implementation of the Court's order in *Ms. L. v. ICE*, No. 18-428 (S.D. Cal. filed Feb. 28, 2018).

<u>E.F.</u>: E.F. is subject to a final order of removal, but is awaiting review of her negative credible fear decision by an immigration judge. On June 28, 2018, E.F. requested not to be reunified with her son prior to removal.

**INTERROGATORY NO. 5:**  What actions have you taken to decide whether or how to reunite Plaintiffs with their children, including the date of each action.

**RESPONSE**:  Defendants respond as follows with respect to each Plaintiff as set forth below:

M.G.U.: M.G.U. and her children were reunified on July 11, 2018.

<u>A.P.F.</u>:  The decision to reunite A.P.F. with his daughter was made after reviewing the June 26, 2018, court order in *Ms. L. v. ICE*, No. Case No. 18-428, Feb. 28 (S.D. Cal.). Since the issuance of that order, ICE and HHS have been developing plans for the implementation of that order for all class members. However, no specific steps have been taken at this time with regard to A.P.F.

<u>E.F.</u>: E.F. is subject to a final order of removal, but is awaiting review of her negative credible fear decision by an immigration judge. On June 28, 2018, E.F. requested not to be reunified with her son prior to removal.

**INTERROGATORY NO. 6:**  Identify the date on which each photograph or image produced in response to Request for Production No. 1 was taken.

**RESPONSE:** Defendants responds as follows based on the A-number and birthdate associated with each child reflected in the referenced photographs.

For the child of A.P.F. on or around June 8, 2018, when the child entered an ORR shelter. For the child of E.F., on or around May 17, 2018, when the child entered an ORR shelter.

## II.     Requests for Production

**REQUEST FOR PRODUCTION NO. 1:** Produce the most recent photograph or image that you have of each of Plaintiffs' Children.

**RESPONSE:** Responsive photographs of the children of A.P.F. and E.F. are attached.

**REQUEST FOR PRODUCTION NO. 4:** Produce all Documents you plan to introduce into evidence at any hearing on Plaintiffs' Application for a Preliminary Injunction, filed on June 20, 2018 (ECF No. 13) in the Action.

**RESPONSE:** Responsive documents are attached to Defendants' opposition to the motion for preliminary injunction. Defendants are providing concurrently herewith a copy of the Parent/Child Reunification Request for E.F.

## III.    Requests for Admission

**REQUEST FOR ADMISSION NO. 1:** Admit that Defendants arrested each Plaintiff together with a child or children at or near the U.S.-Mexico border.

**RESPONSE:** Defendants deny this request as written, and respond by admitting that U.S. Custom and Border Protection Officers took Plaintiff M.G.U. with three of her children into custody at the San Ysidro Port of Entry, and by admitting that U.S. Border Patrol Agents arrested Plaintiff A.P.F. with one child and Plaintiff E.F. with one child at or near the U.S.-Mexico border.

**REQUEST FOR ADMISSION NO. 2:** Admit that after Defendants arrested Plaintiffs, Defendants forcibly separated Plaintiffs from their children.

**RESPONSE:** Defendants deny this request and further respond by admitting that Plaintiff M.G.U. and three of her children were initially detained and taken into custody at the San Ysidro Port of Entry by U.S. Customs and Border Protection Officers within the Office of Field Operations.  Custody of Plaintiff M.G.U. and her three children was later transferred to an ICE family detention center.  Defendants admit that M.G.U. was separated from her children after ICE's discovery of her criminal conviction necessitated her transfer from a family residential center to a more structured detention facility, and her children were transferred to ORR.  Defendants further respond by admitting that Plaintiff A.P.F. and Plaintiff E.F. were apprehended by U.S. Border Patrol, arrested, and criminally prosecuted under 8 U.S.C. § 1325

(a), at which point they were no longer detained with their children.  Defendants deny any and all remaining allegations in this request for admission.

**REQUEST FOR ADMISSION NO. 5:**  Admit that Plaintiff M.G.U. was not criminally prosecuted under 8 U.S.C. § 1325(a) in connection with her entry into the United States in May 2018.

**RESPONSE:**  Defendants admit this request in regards to Plaintiff M.G.U.'s entry into the United States in May 2018.  Defendants further respond by stating that applying for admission at an authorized Port of Entry is not a violation of 8 U.S.C. § 1325(a).

| | |
|---|---|
| DATE: July 11, 2018 | Respectfully submitted,<br>CHAD A. READLER<br>Acting Assistant Attorney General<br>WILLIAM C. PEACHEY<br>Director<br>WILLIAM C. SILVIS<br>Assistant Director |
| | By:  <u>Sarah B Fabian</u><br>SARAH B. FABIAN<br>Senior Litigation Counsel<br>U.S. Department of Justice<br>Office of Immigration Litigation<br>District Court Section<br>Box 868, Ben Franklin Station<br>Washington, DC 20442<br>Telephone: (202) 532-4824<br>Fax: (202) 616-8962<br>E-mail: Sarah.B.Fabian@usdoj.gov |
| | and |
| | JESSIE K. LIU, D.C. Bar #472845<br>United States Attorney<br>DANIEL F. VAN HORN<br>D.C. BAR # 924092<br>Civil Chief |
| | JEREMY S. SIMON, D.C. BAR #447956<br>Assistant United States Attorney<br>555 4th Street, N.W.<br>Washington, D.C. 20530<br>(202) 252-2528<br>Jeremy.simon@usdoj.gov<br>*Counsel for Defendants* |

CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2018, I served the foregoing to Plaintiffs' counsel Jerome Wesevich and Steven Herzog by email at jwesevich@trla.org and sherzog@paulweiss.com.

/s/ Sarah B. Fabian
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

*Attorney for Respondents*

**VERIFICATION**

I declare, under the penalty of perjury, that the information provided in the foregoing Answers to Plaintiffs' Interrogatories Nos. 1 (as to M.G.U. and A.P.F), 2 (as to M.G.U. and A.P.F), 5 (as to M.G.U. and A.P.F) and 6 are true and correct to the best of my knowledge, information and belief.

Signed and sworn to this __11__ day of July, 2018.

__/s/ Jim De La Cruz_____
Name: James De La Cruz
Title:  Senior Field Program Specialist Supervisor

**PROTECTED**

## PARENT/CHILD REUNIFICATION REQUEST

Date/Fecha: **6/28/18**

Parent Name/Nombre de Padre: **F**

Parent A #: **2**

Country of Citizenship/pais de ciudadania: **Guatemala**

OTERO \_\_\_\_    EPC **X**    WTDF \_\_\_\_

Child Name/Nombre de hijo: **3**

Child A #: **2**

Shelter/Albergue: **Cayuga Centers (VBK)**

\_\_\_ English: I am requesting to reunite with my child for the purpose of repatriation to my country of citizenship.

\_\_\_ Spanish: Estoy solicitando reunion con mi hijo/hija para repatriar a mi país de ciudadanía.

\_\_\_ English: I request to be removed to my country without my child

**EF** Spanish: Solicito ser removido a mi país sin mi hijo

Date of Consular Notification/Fecha de Notificacion Consular:

Signature/Firma: **E F**

PROTECTED

<u>Declaration of E.F.</u>

1. My name E              My A number is 21        .
2. I want to be reunited with my son, BYAF, who is 9 years old.
3. The purpose of this declaration is to explain what information and under what circumstances I signed that document that says "Parent/Child Reunification Request."
4. I spoke with an officer that told me that he was going to help me complete documents so that my son could leave detention and go with his uncle. He showed me some documents that he said were to transfer custody to the uncle of my son BYAF until I was released from detention. So, I thought that this document was also related to transferring custody.
5. I never told the officer that I wanted to be deported. I only explained to him that while I was detained I wanted my son to be with his uncle. He asked me if I were to be deported what would I want to do with my son and I said that I wanted him to stay here but that I still didn't know what was happening with my case.
6. At no point did I understand or did I say to the officer that I was giving up my rights to have my immigration case heard.
7. I want to be very clear: I do not want to be deported. I want to fight my case and explore all options to be reunited with my son.

I declare under penalty of perjury that the above is true and correct to the best of my personal knowledge.

_____/s/_____          July 11, 2018
E                        Date

I, <u>Ashley N. Martinez</u>, am competent to translate from <u>Spanish into English</u>, and certify that the translation of <u>Declaration of EF</u> is true and accurate to the best of my abilities.

[signature]
Ashley N. Martinez
1331 Texas Ave.
El Paso, TX 79901
(915)585-5100