**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| M.G.U., *et al.*, |
| Plaintiff, |
| v. |
| KIRSTJEN NIELSEN, *et al.*, |
| Defendants. |

Civil Action No. 1:18-cv-1458 (PLF)

**PLAINTIFFS' SUBMISSION REGARDING
THE JULY 2, 2018 OPINION IN *DAMUS* v. *NIELSEN***

Pursuant to the Court's July 6, 2018 Order, Plaintiffs M.G.U., A.P.F., and E.F. ("Plaintiffs"), by and through their undersigned counsel, herein address the relevance to this action of Judge Boasberg's opinion in *Damus*, *et al.* v. *Nielsen*, *et al.*, No. 18-cv-578 (JEB), 2018 WL 3232515 (D.D.C.) (July 2, 2018) (the "*Damus* Opinion" or "*Damus* Op.") as well as Judge Contreras's opinion in a similar case, *Aracely, R.* v. *Nielsen et al.*, No. 17-cv-1976 (RC), 2018 WL 3243977 (D.D.C) (July 3, 2018) (the "*Aracely, R.* Opinion" or "*Aracely, R.* Op.").

The *Damus* action alleges that the U.S. Department of Homeland Security ("DHS") has a policy of using detention of asylum seekers as a means of deterring others from seeking refuge in the United States in violation of the Administrative Procedure Act and the Fifth Amendment. *Damus* Compl., Dkt No. 1 at ¶¶ 1, 70, 74, 80. The *Damus* plaintiffs allege that to deter immigration, five ICE field offices enforced this policy and engaged in "systematic

detention," rather than providing the individualized determinations required by the U.S. Customs and Immigration Enforcement's ("ICE") Parole Directive.[1]  *Damus* Op. at *1, *4.

On July 2, 2018, Judge Boasberg granted the *Damus* plaintiffs' motions for preliminary injunction and provisional class certification.  *Damus* Order, Dkt. No. 33 at 1.  Judge Boasberg enjoined defendants from denying parole "absent an individualized determination, through the parole process, that [a] provisional class member presents a flight risk or a danger to the community."  *Id.*  Judge Boasberg also ordered that parole determinations be based on "specific facts of each . . . case," and "conform to all of the substantive and procedural requirements" of the Parole Directive.  *Id.* at 2.

In *Aracely, R.*, several asylum-seekers filed suit against DHS alleging that the agency has an unwritten policy of considering immigration deterrence during the parole process.  *Aracely, R.* Op. at *4.  On July 3, 2018, Judge Contreras granted in part Plaintiff's application for a preliminary injunction, noting that Defendants' alleged policy of considering immigration deterrence "likely played a significant role in the repeated denials of Plaintiffs' parole requests" in violation of the APA's protections against arbitrary and capricious government action.  *Aracely, R.* Op. at *25.

---

[1] ICE Directive 11002.1, *Parole of Arriving Aliens Found to Have a Credible Fear of Persecution or Torture* (Dec. 8, 2009) (the "Parole Directive"), *available at* https://www.ice.gov/doclib/dro/pdf/11002.1-hd-parole_of_arriving_aliens_found_credible_fear.pdf.  Under federal law, an alien claiming asylum who establishes a credible fear of persecution need not be detained, and can be paroled or released in the discretion of the Attorney General.  8 U.S.C. § 1182(d)(5)(A).  The Parole Directive explains ICE's interpretation of "public benefit" pursuant to 8 U.S.C. § 1182(d)(5)(A) and 8 C.F.R. § 212.5(b).  *Damus* Op. at *2.  The Parole Directive provides that "[e]ach alien's eligibility for parole should be considered and analyzed on its own merits and based on the facts of the individual alien's case," and that if an asylum-seeker establishes his identity and that he presents neither a flight risk nor a danger to the public, "[ICE] should, absent additional factors . . . parole the alien on the basis that his or her continued detention is not in the public interest."  *Damus* Op. at *2 (quoting Parole Directive at ¶ 6.2) (quotation marks omitted, emphasis in original).

Plaintiffs submit that the rulings in *Damus* and *Aracely, R.* are relevant to the issues in this case in two ways.  First, both cases contain allegations of and evidentiary support for the Government's improper motivation of deterring lawful immigration. *See Damus* Op. at 15, *see also Aracely, R.*, at \*25.  Plaintiffs here allege that Defendants are improperly motivated by the same deterrence consideration. *See e.g.* Dkt. No. 1, ¶ 93 ("Defendants expect reports of [Plaintiffs' agony] to deter . . . legal immigration from people who have a right to seek asylum . . . ."); Dkt. No. 13 at 5-7 (evidence that family separation was intended to deter immigration); Dkt. No. 13 at 14-16 (deterrence is punishment proscribed by Due Process).  The *Damus* and *Aracely, R.* cases support Plaintiffs' contention that Defendant's intend to punish asylum-seekers by forcibly separating them from their children.

Second, the *Damus* and *Aracely, R.* opinions may impact how reunification occurs in Plaintiffs' cases.  Defendants agree that reunification may be accomplished by releasing parents on Alternatives to Detention.  *See* ECF No. 27-3, ¶ 16. Where Defendants choose to release parents over the option of family detention, to the extent Defendants are required to determine whether parents are eligible for parole, Defendants are bound by the Parole Directive described in *Damus* and *Aracely, R.* and prohibited from considering whether prolonged detention and parole denial would further deter immigration. *See Aracely, R.*, at \*28 ("In considering deterrence as a factor in parole determinations, ICE officials are therefore circumventing the factors laid out in the binding [Parole Directive]" in violation of the APA.).

Respectfully submitted,

Dated: Washington, D.C.
      July 11, 2018

TEXAS RIOGRANDE LEGAL AID, INC.

  /s/ Jerome Wesevich
Jerome Wesevich (D.D.C. Bar No. TX0125)

        Amanda Chisholm (Texas Bar No. 24040684)
        Peter McGraw (Texas Bar No. 24081036)
        1331 Texas Avenue
        El Paso, Texas 79901
        (915) 241-0534
        jwesevich@trla.org
        achisholm@trla.org
        pmcgraw@trla.org

        PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

        David J. Ball (DC Bar No. 460055)
        2001 K Street, NW
        Washington, DC 20006-1047
        (202) 223-7352
        dball@paulweiss.com

        Steven C. Herzog (admitted *pro hac vice*)
        Meredith A. Arfa (admitted *pro hac vice*)
        Anand Sithian (admitted *pro hac vice*)
        Katherine Kelly Fell (admitted *pro hac vice*)
        1285 Avenue of the Americas
        New York, NY 10019-6064
        (212) 373-3000
        sherzog@paulweiss.com
        marfa@paulweiss.com
        asithian@paulweiss.com
        kfell@paulweiss.com

        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to LCvR 5.3, I hereby certify that, on July 11, 2018, I caused to be electronically filed a copy of the foregoing Plaintiffs' Submission Regarding the July 2, 2018 Opinion in *Damus* v. *Nielsen* to be served on all counsel of record using the Court's CM/ECF system.

          /s/ Jerome Wesevich
        Jerome Wesevich (D.D.C. Bar No. TX0125)