## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| M.G.U., *et al.*, <br><br> Plaintiff, v. <br><br> KIRSTJEN NIELSEN, *et al.*, <br><br> Defendants. | Civil Action No. 1:18-cv-1458 (PLF) |

### PLAINTIFFS' STATUS REPORT

Plaintiffs attach the following documents promised during the Preliminary Injunction hearing held July 12, 2018:

Dkt. No. 40-1 — E.F. Declaration of July 13, 2018 and Translator's Certificate

Dkt. No. 40-2 — Proposed Temporary Restraining Order

Respectfully submitted,

Dated:       July 13, 2018

TEXAS RIOGRANDE LEGAL AID, INC.

   /s/ Jerome Wesevich
Jerome Wesevich (D.D.C. Bar No. TX0125)
Amanda Chisholm (Texas Bar No. 24040684)
Peter McGraw (Texas Bar No. 24081036)
1331 Texas Avenue
El Paso, Texas 79901 (915)
241-0534
jwesevich@trla.org
achisholm@trla.org
pmcgraw@trla.org

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

David J. Ball (DC Bar No. 460055)
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7352
dball@paulweiss.com

Steven C. Herzog (admitted *pro hac vice*)
Meredith A. Arfa (admitted *pro hac vice*)
Anand Sithian (admitted *pro hac vice*)
Katherine Kelly Fell (admitted *pro hac vice*)
1285 Avenue of the Americas New
York, NY 10019-6064
(212) 373-3000 sherzog@paulweiss.com
marfa@paulweiss.com
asithian@paulweiss.com
kfell@paulweiss.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to LCvR 5.3, I hereby certify that, on July 13, 2018, I caused to be electronically filed a copy of the foregoing document to be served on all counsel of record using the Court's CM/ECF system.

   /s/ Jerome Wesevich
Jerome Wesevich (D.D.C. Bar No. TX0125)

## DECLARATION OF E.F.

I, E.F. am a Plaintiff in Civil Action No. 18-cv-1458. I make the following declaration based on my personal knowledge and declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true:

1. I am afraid to return to my home country of Guatemala. I have received death threats from people in Guatemala. I am also afraid for my son, B.Y.A.F., to return to Guatemala. The same people who threatened me told me they would kidnap my son and harm him, and kill him also.

2. I want to continue pursuing my asylum claim in the United States. I want to pursue all appeals and requests for review of my asylum claim that are available to me. I want to stay in the United States as long as possible to pursue these options.

3. If it is determined that I am not allowed to stay in the United States after I finish all appeals and requests for review in my asylum case and that I must be deported, then I want B.Y.A.F. to stay in the United States without me and for him to pursue all legal options for remaining in the United States.

4. I have not seen my son since May 15, 2018 when government agents separated him from me. If I am deported, I want to hug my nine-year-old boy before I go. I know that I may never see him again.

E F
_____
Signed by E.F. July 13, 2018 at the Immigration Detention Facility at 8915 Montana Avenue in El Paso, Texas

## CERTIFICATE OF TRANSLATION

I, Ashley Martinez, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I am fluent in both English and Spanish, I read and translated the foregoing declaration to E.F. who stated to me that she understands it and it is true, and then she signed it in my presence.

_____
Signed by Ashley Martinez July 13, 2018

**UNITED STATES DISTRICT COURT**

**DISTRICT OF COLUMBIA**

| | |
|---|---|
| M.G.U., *et al.*, | |
| Plaintiffs, | No. 1:18-cv-01458 (PLF) |
| v. | |
| KIRSTJEN NIELSEN, *et al.*, | |
| Defendants. | |

**[PROPOSED] ORDER**

WHEREAS, on June 22, 2018, Plaintiffs in the above-captioned action filed an Application for a Temporary Restraining Order ("TRO Motion") seeking specific information about Plaintiffs' children who are currently detained by Defendants, including the following:

(a) the complete address where each of Plaintiffs' children are currently located;

(b) the government's most accurate estimate of the date that it anticipates reuniting each Plaintiff parent with each child;

(c) a description of the setting where each of Plaintiffs' children resides, whether home or institutional;

(d) the name, age and gender of each person primarily responsible for each of Plaintiffs' children's care;

(e) whether any of Plaintiff's children has suffered any accident or illness;

(f) a description of each of Plaintiff's children's activities during that day; and

(e) frequent and meaningful access to or communication between each Plaintiff and each of their children via telephone or video link;

WHEREAS, on June 26, 2018, Plaintiffs filed an Application for a Preliminary

Injunction seeking immediate reunification of Plaintiffs and their children;

WHEREAS, on the June 27, 2018, the Court held a hearing on the TRO Motion, and held the TRO Motion in abeyance for the reasons stated on the record;

WHEREAS, at the June 27, 2018 hearing, the Court suggested that the parties confer regarding the relief requested by Plaintiffs in the TRO Motion and provide the Court with a Joint Status Report by July 5, 2018;

WHEREAS, the parties submitted a Joint Status Report on July 5, 2018;

WHEREAS, the parties report that they have resolved certain issues raised in the TRO Motion, including the Government's:  (a) provision to Plaintiffs of addresses where the majority of Plaintiffs' children are detained; (b) agreement to ensure coordination between the children's detention facilities and Plaintiffs' detention facilities to facilitate phone calls between Plaintiffs and their children; (c) arrangement for calls to occur between Plaintiffs and a clinician to provide medical information about Plaintiffs' children to Plaintiffs; (d) arrangement for a clinician of Plaintiffs' choosing to evaluate Plaintiffs' children; and (e) agreement to facilitate calls between Plaintiffs and the their children's respective case managers;

WHEREAS, on July 12, 2018, counsel for Plaintiffs reported to the Court that Plaintiff M.G.U. had been reunited with her three children;

WHEREAS, a second hearing was held before the Court on July 12, 2018;

WHEREAS, the parties have been unable to resolve certain of the issues for which Plaintiffs seek relief;

NOW, based on a review of the parties' submissions and the entire record herein, it is hereby ORDERED that:

1.      Defendants shall facilitate daily phone calls between each Plaintiff and

each Plaintiff's child while the Plaintiff parent and child remain separated and in Defendants' custody;

2.      Defendants shall facilitate at least one telephone call per week between the case manager for each Plaintiffs' child and each Plaintiff, at a pre-determined time when each respective case manager and each Plaintiff are available and able to access a telephone, while the Plaintiff parent and child remain separated and in Defendants' custody; and

3.      By July 16, 2018, Defendants shall provide the address for the home or facility where E.F.'s child, B.Y.A.F., is currently detained.

Dated:  Washington, D.C.
          July13, 2018

SO ORDERED:


_____
PAUL L. FRIEDMAN
United States District Judge
