UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| M.G.U., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 18-1458 (PLF) |
| ) | |
| KIRSTJEN NIELSEN, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Two months ago, plaintiff E.F. and her nine-year-old son fled threats of violence in Guatemala to pursue asylum in the United States. After crossing the U.S.-Mexico border on May 14, 2018, they were initially detained together, but then forcibly separated the next day and detained in facilities hundreds of miles apart. Ms. E.F. has not seen her son since then.

On June 20, 2018, Ms. E.F. and two other parents who had also been separated from their children filed this civil action. On June 26, 2018, they moved for a preliminary injunction seeking immediate reunification with their children. The Court set an expedited briefing schedule and held a hearing on July 12, 2018. At the hearing, counsel for Ms. E.F. represented that Ms. E.F. was awaiting a decision on the review of her negative credible fear determination by an immigration judge. Counsel for defendants explained that if the immigration judge were to affirm the negative credible fear determination and deny Ms. E.F.'s asylum application, she would be subject to a final order of removal. The order of removal would leave her at risk of being immediately removed from the United States without her son before this Court has an opportunity to resolve the pending motion for a preliminary injunction.

At the hearing, counsel for Ms. E.F. orally moved for an order prohibiting defendants from removing Ms. E.F. from the United States without her son prior to the Court's decision on her preliminary injunction motion.

After the hearing, on July 13, 2018, defendants informed the Court that an immigration judge had affirmed Ms. E.F.'s negative credible fear determination. See July 13, 2018 Status Report [Dkt. No. 39]. As a result, Ms. E.F. is now subject to a final order of removal. Defendants have not provided a timeline for when her removal from the United States might take place, but they have voluntarily agreed to stay Ms. E.F.'s removal until tomorrow, July 17, 2018. See id. Defendants have provided no assurance that Ms. E.F. and her nine-year-old son will be reunited before Ms. E.F. is removed from the country.

What deeply troubles the Court at this stage is the risk that Ms. E.F. will be removed from the United States without her young son and without her valid consent to be removed without her son, before the Court has an opportunity to rule on her preliminary injunction motion seeking immediate reunification with him. The recent representations made by the United States in the class action pending before Judge Dana M. Sabraw in federal court in San Diego only heighten this concern. See Ms. L. v. U.S. Immigration and Customs Enf't, No. 18-0428, ECF No. 104, at 4-5 (S.D. Cal. July 12, 2018) (confirming that twelve immigrant parents have been removed without their children thus far). Immediate reunification will be impossible if Ms. E.F. is removed from the United States while her son remains detained here. And defendants have declined to commit to keeping Ms. E.F. in the United States until after the Court rules on the preliminary injunction motion.

In light of the urgent need to preserve the status quo until after the Court has made a determination on the merits of Ms. E.F.'s preliminary injunction motion, the Court will

construe her lawyer's oral motion for an order that she not be removed from the country before she is reunited with her son, as a motion for a temporary restraining order. See Barrow v. Graham, 124 F. Supp. 2d 714, 715-17 (D.D.C. 2000); see also Nw. Forest Workers Ass'n v. Lyng, No. 87-1487, 1988 WL 268171, at *2-3 (D.D.C. June 29, 1988) (granting interim relief not to deport or institute deportation proceedings against seasonal agricultural workers pending adjudication of plaintiffs' claims). And upon consideration of the arguments made by counsel in their briefs and in open court, as well as the entire record in this case, the Court will grant Ms. E.F.'s motion for a temporary restraining order.

The purpose of a temporary restraining order is to preserve the status quo for a limited period of time until the Court has an opportunity to pass on the merits of the demand for a preliminary injunction. See, e.g., Barrow v. Graham, 124 F. Supp. 2d at 715-16 (citing Warner Bros. Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1125 (2d Cir. 1989) and Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982)). While the Court must still consider the traditional four-part test for injunctive relief even at the temporary restraining order stage, the short duration of such an order and the imminence of the harm may justify the grant of a temporary restraining order to preserve the status quo. See Barrow v. Graham, 124 F. Supp. 2d at 716-17.

For purposes of this motion, it suffices to say that Ms. E.F. likely will succeed on the merits of her substantive due process claim. The Supreme Court has made clear that parents have a liberty interest in family association or family integrity, and in the care, custody, and control of their children. See Troxel v. Granville, 530 U.S. 57, 65-66 (2000); Quilloin v. Walcott, 434 U.S. 246, 255 (1978). At this stage, Ms. E.F. is likely to succeed on her claim that her continued forcible separation from her young child absent a determination that she is either unfit or presents a danger to her child, violates due process. See Ms. L. v. U.S. Immigration and

3

Customs Enf't, No. 18-0428, 2018 WL 3129486, at *7-9 (S.D. Cal. June 26, 2018); see also Memorandum Opinion and Order, W.S.R. v. Sessions, No. 18-4265, at 10-15 (N.D. Ill. July 9, 2018).

Moreover, the parties agree that Ms. E.F. is a member of the class in the action pending before Judge Sabraw. In that case, Judge Sabraw granted a class-wide preliminary injunction and ordered that defendants "reunify all Class Members with their minor children age five (5) and older within thirty (30) days of the entry of this Order" absent certain circumstances that do not apply here. Ms. L. v. U.S. Immigration and Customs Enf't, 2018 WL 3129486, at *12. Defendants have repeatedly represented to this Court, in both their papers and at the July 12 hearing, that they intend to comply with Judge Sabraw's thirty-day timeline for reunification of children age five and above. They have made a similar commitment to Judge Sabraw. See Ms. L. v. U.S. Immigration and Customs Enf't, No. 18-0428, ECF No. 109, at 1 (S.D. Cal. July 15, 2018). Given the likelihood that Ms. E.F. will prevail on her substantive due process claim in this Court, the likelihood of success prong of the four-part test weighs heavily in favor of granting the temporary restraining order.

Ms. E.F. faces potentially imminent and irreparable harm if the Court does not grant the requested relief and prohibit her removal from the country without her son prior to reunification. In the class action, Judge Sabraw specifically enjoined defendants from "removing any Class Members without their child, unless the Class Member affirmatively, knowingly, and voluntarily declines to be reunited with the child prior to the Class Member's [removal]." Ms. L. v. U.S. Immigration and Customs Enf't, 2018 WL 3129486, at *12; see also Memorandum Opinion and Order, W.S.R. v. Sessions, No. 18-4265, at 30. Here, Ms. E.F. has presented credible evidence that she does not consent to removal without her son prior to reunification.

4

The Court credits her declarations signed on July 11, 2018 and July 13, 2018 confirming her desire not to be removed without her son.  In her declarations, she states that "I want to be reunited with my son," July 11, 2018 Declaration of E.F. at ¶ 2 [Dkt. No. 36-3], and that "[i]f I am deported, I want to hug my nine-year old boy before I go," July 13, 2018 Declaration of E.F. at ¶ 4 [Dkt. No. 40-1].

Defendants respond that on June 28, 2018, Ms. E.F. placed her initials on a one-page form in which she purports to consent to removal without her son prior to reunification. See June 28, 2018 Parent/Child Reunification Request [Dkt. No. 36-2].  Although the parties have provided few details about the circumstances under which this one-page form was presented to and initialed by Ms. E.F., Ms. E.F. has presented evidence that she "is not able to read or write in English" and that she is "not fully literate in Spanish."  See July 13, 2018 Declaration of Ashley N. Martinez at ¶ 4 [Dkt. No. 41-1].  She has also explained that she did not fully understand the purpose of the form, believing that completing it would allow her son to stay with his uncle until she was released from detention.  See July 11, 2018 Declaration of E.F. at ¶¶ 4-6 [Dkt. No. 36-3].  In light of these representations, the Court does not credit the form in which Ms. E.F. purports to decline reunification with her son prior to removal.  Simply put, the form is not worth the paper it is written on.

If Ms. E.F. were to be removed on the basis of her negative credible fear determination and invalid waiver, she likely will lose the ability to be immediately reunified with her son without the benefit of any due process protections.  Such harm would undoubtedly be irreparable.  Although defendants have repeatedly stated that they will attempt to comply – or more recently, are "committed" to complying, see Ms. L. v. U.S. Immigration and Customs Enf't, No. 18-0428, ECF No. 109, at 1 – with Judge Sabraw's thirty-day timeline for

reunification of children age five and above on or before July 26, 2018, defendants have refused to assure this Court that they will not seek to remove Ms. E.F. without her son prior to that date. Because defendants have declined to voluntarily provide an administrative stay of the removal order beyond July 17, 2018, there is no guarantee that Ms. E.F. will be permitted to remain in the country long enough to be reunited with her son in the event that the Court orders such reunification to occur.  See Doe v. Mattis, 288 F. Supp. 3d 195, 200 (D.D.C.), aff'd, 889 F.3d 745 (D.C. Cir. 2018) (citing In re Petitioners Seeking Habeas Corpus Relief in Relationship to Prior Detentions at Guantanamo Bay, 700 F. Supp. 2d 119, 126 (D.D.C. 2010), aff'd sub nom. Chaman v. Obama, 2012 WL 3797596 (D.C. Cir. Aug. 10, 2012)).

    The balance of equities and the public interest also favor granting Ms. E.F.'s motion for a temporary restraining order.  Defendants may be concerned that a temporary restraining order will disrupt the process in place for immigration authorities to make removal decisions and may challenge their authority to do so.  The temporary restraining order requested here, however, would merely require defendants to briefly stay their hand while the Court assesses the merits of Ms. E.F.'s due process claim.  All that is involved is the preservation of the status quo for a short period of time until the Court can make a determination on the merits, so any possible disruption to defendants will be minimal.  And while there may be an interest in allowing the process for removal to run its course without the intervention of the courts, there is a much weightier interest in ensuring that defendants do not impermissibly deprive immigrant parents of their due process rights under the Constitution.

    Given the danger that, upon removal, the Court could lose the ability to adjudicate Ms. E.F.'s motion for a preliminary injunction seeking reunification, it follows that Ms. E.F.'s removal from the country without her son could undermine her rights.  In the absence of a

commitment from defendants to stay their hand, the Court must act to preserve the status quo and prevent Ms. E.F.'s imminent removal under these circumstances.

For the foregoing reasons, it is hereby

ORDERED that defendants and their officers, agents, servants, employees, attorneys, and all those who are in active concert or participation with them, are temporarily restrained from removing from the United States plaintiff E.F. until further order of this Court.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  July 16, 2018