# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| M.G.U, *et al.* | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:18-cv-01458 (PLF) |
| | ) | |
| v. | ) | |
| | ) | |
| Kirstjen Nielsen, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## DEFENDANTS' MOTION TO DISMISS

Defendants, by and through undersigned counsel, move pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the above-captioned action. Because the claims asserted in Plaintiffs' Complaint are based on the separation of Plaintiffs from their children, and Plaintiffs and their children all have now been reunited, those claims are moot. Moreover, even if the Court determines that this case is not moot, the Court should nonetheless dismiss the Complaint on comity grounds to avoid interference or conflict with the ongoing litigation in the case of *Ms. L., et al. v. ICE, et al.*, Case No. 18-cv-0428 (S.D. Cal.), in which plaintiffs are members of the certified class. At a minimum, the Court should lift its stay of removal, entered July 18, 2018, ECF No. 46, and should stay this litigation pending the outcome of the ongoing litigation in the *Ms. L.* class action.

Additionally, the Court should dismiss the case because Plaintiffs fail to state a claim under Federal Rule 12(b)(6). Plaintiffs essentially allege that Defendants have violated a fundamental right of parents to be detained with their children while they are detained pursuant to a criminal charge, and thereafter placed in mandatory detention for the purposes of expedited removal.

However, case law makes clear that there is no such fundamental right, and that separation incidental to criminal and immigration enforcement action does not violate the Fifth Amendment nor shock the conscience. Accordingly, for all of the reasons addressed below, the Court should dismiss the Complaint.

## BACKGROUND

Plaintiffs in this case are M.G.U., E.F., and A.P.F. Each of them is a parent who was separated from a child as a result of lawful immigration enforcement actions. All three also are class members in the case of *Ms. L., et al. v. ICE, et al.*, Case No. 18-cv-0428 (S.D. Cal.), and are beneficiaries of the preliminary relief order in that case issued on June 26, 2018. All three have been reunified with their minor children.

Plaintiff M.G.U. entered the United States at the San Ysidro Port of Entry. Complaint ¶ 50. She was subsequently detained with her sons at the South Texas Family Residential Center. Compl. ¶ 51. However, when ICE learned that M.G.U. had previously been charged and convicted of making false and misleading representations and sentenced to 75 days confinement, ICE determined that continued detention in an ICE family residential center was not appropriate, and therefore M.G.U. was transferred into an ICE adult detention facility near Pearsall, Texas. *See* Declaration of Gerardo Aguilar, ECF No. 27. Because M.G.U. was placed into an ICE adult detention facility, her children were determined to be unaccompanied alien children because they had "no parent or legal guardian in the United States . . . available to provide care and physical custody." 6 U.S.C. § 279(g)(2). Thus, in accordance with the Trafficking Victim Protection Reauthorization Act of 2008 (TVPRA), her children were transferred to the custody of the Office of Refugee Resettlement (ORR). 8 U.S.C. § 1232(b)(3). Following her release from government custody, M.G.U. was later reunified with her children on July 11, 2018.

Plaintiff A.P.F. was apprehended on May 5, 2018 with his daughter in the Rio Grande Valley Sector after illegally crossing the U.S. border. Complaint ¶ 68. A.P.F. and his daughter were separated because A.P.F. was prosecuted for illegal entry under 8 U.S.C. § 1325(a), and was placed into the custody of the U.S. Marshals Service. Complaint ¶¶ 73. Because A.P.F. was in the custody of the U.S. Marshals, his daughter had "no parent or legal guardian in the United States . . . available to provide care and physical custody." 6 U.S.C. § 279(g)(2). Thus, in accordance with the TVPRA, A.P.F.'s daughter was transferred to the custody of ORR. 8 U.S.C. § 1232(b)(3). Following his time in the custody of the U.S. Marshals Service, A.P.F. was released to ICE custody. Complaint ¶ 74. A.P.F. and his daughter were reunified on July 17, 2018, out of government custody. ECF No. 45.

Plaintiff E.F. was apprehended with her son in Texas after illegally crossing the U.S. border. Complaint ¶ 81. E.F. and her son were separated because E.F. was prosecuted for illegal entry under 8 U.S.C. § 1325(a), and was placed into the custody of the U.S. Marshals Service. Complaint ¶¶ 84-86. Because E.F. was in the custody of the U.S. Marshals, her son had "no parent or legal guardian in the United States . . . available to provide care and physical custody." 6 U.S.C. § 279(g)(2). Thus, in accordance with the TVPRA, E.F.'s son was transferred to the custody of ORR. 8 U.S.C. § 1232(b)(3). Following her time in the custody of the U.S. Marshals Service, E.F. was released to ICE custody. Complaint ¶ 87. E.F. and her son were reunified on July 20, 3018 and detained together in the South Texas Family Residential Center in Dilley, Texas. ECF No. 48.

## STANDARD OF REVIEW

Defendants move to dismiss the claims asserted against them for lack of subject matter jurisdiction and failure to state a claim. See Fed. R. Civ. P. 12(b)(1), (b)(6). Plaintiffs bear the burden to show subject matter jurisdiction, and the Court must determine whether jurisdiction

exists before addressing the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, 104 (1998). When a district court lacks the statutory or constitutional authority to adjudicate a claim, that claim should be dismissed. *Smith v. McCullough*, 270 U.S. 456, 459 (1926). Plaintiffs have the burden to establish, by a preponderance of the evidence, that the Court has subject matter jurisdiction to adjudicate the complaint. *See DaimlerChrysler Corp v. Cuno*, 547 U.S. 332, 342 (2006).

In order to withstand a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In determining whether the factual allegations in a complaint warrant dismissal for failure to state a claim, a court may consider, in addition to the alleged facts, "any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *Rogers v. Johnson-Norman*, 466 F. Supp. 2d 162, 165 n.3 (D.D.C. 2006) (quoting *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997)). "[T]he court must treat the complaint's factual allegations … as true and draw all reasonable inferences therefrom in the plaintiff's favor," but "the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations." *Shirk v. Garrow*, 505 F. Supp. 2d 169, 172 (D.D.C. 2007) (citations omitted).

## ARGUMENT

### I.     The Complaint Should Be Dismissed As Moot

Plaintiffs' Complaint asserts two causes of action: 1) punishment of civil detainees in violation of due process; and 2) family separation in violation of due process. Both of the counts

asserted in Plaintiffs' Complaint are based on a state of affairs that no longer exists, namely, the detention of Plaintiffs separately from their children. Because all Plaintiffs have been reunited with their children, the Complaint should be dismissed as moot. "The rule against deciding moot cases forbids federal courts from rendering advisory opinions or 'deciding questions that cannot affect the rights of litigants in the case before them.'" *Hall v. CIA,* 437 F.3d 94, 99 (D.C. Cir. 2006) (citations omitted). In *Hall,* the U.S. Court of Appeals for the District of Columbia Circuit dismissed as moot Hall's challenge to the agency's denial of his FOIA fee waiver request after the agency decided to release records to Hall without seeking payment from him. *Id.* Because Hall "already has 'obtained everything that [he] could recover . . . by a judgment of this court in [his] favor,'" there was no case or controversy before the court. Here, Plaintiffs are in the same position as the FOIA requester in *Hall.* Plaintiffs are no longer separated from their children, and consequently, the relief they seek from this Court would place this Court in the position of "deciding questions that cannot affect the rights of litigants in the case before them." This is true as to Plaintiffs' prayers for both declaratory and injunctive relief, because in both instances Plaintiffs seek relief to right an alleged harm—separation from their children—that has already been remedied. *See Clarke v. United States*, 915 F.2d 699 (D.C. Cir. 1990) ("A case is moot if 'events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'").

Nor does the "capable of repetition, yet evading review" doctrine save Plaintiffs' claims from mootness in this case. In *Hall*, the Court held that even "[a]ssuming in Hall's favor that the matter is capable of repetition," the Court "fail[ed] to see how the issue has any tendency to evade review" because "[d]enials of fee waivers do not seem inherently of such short duration that they cannot ordinarily be fully litigated before their cessation." 437 F.3d at 99. Here, even assuming

that it were possible that Plaintiffs might be detained again by DHS and separated from their children (a possibility made even more remote by the injunction in *Ms. L. v. ICE,* Case 18-cv-428 (S.D. Cal.), which would preclude Plaintiffs from being detained separately from their children unless they were found to have a disqualifying criminal history or to be unfit or a danger to their children), such future separation would have ample opportunity for review, just as was available to Plaintiffs in the instant case. Any such hypothetical separation cannot be shown to be "inherently of such short duration" as to have "any tendency to evade review." *See id.* Thus, as in *Hall,* the exception to the mootness doctrine for cases "capable of repetition, yet evading review" is inapplicable.

Thus, for all of the above reasons, the Complaint should be dismissed as moot because no actual controversy remains for the Court to adjudicate. *See, e.g., Davis v. FEC,* 554 U.S. 724, 732-33 (2008) ("To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.") (citation omitted); *FEC v. Wis. Right to Life, Inc.,* 551 U.S. 449, 461-62 (2007) ("Article III's 'case-or-controversy requirement subsists through all stages of federal judicial proceedings . . . [I]t is not enough that a dispute was very much alive when suit was filed.'"); *In re Howard,* 2014 U.S. App. LEXIS 13380, at *3 (D.C. Cir. July 14, 2014) ("Any injunctive relief concerning appellant's student loans would be moot, as they have been discharged"); *Hall,* 437 F.3d at 99 ("We find that the CIA's decision to release documents to Hall without seeking payment from him moots Hall's arguments that the district court's denial of a fee waiver was substantively incorrect."); *Institute for Policy Studies v. CIA,* 885 F. Supp. 2d 120, 153 (D.D.C. 2012) (challenge to denial of fee waiver request moot after defendant waived fee for the requested records); *Nat'l Parks Conservation Ass'n v. Dep't of*

*Interior,* 794 F. Supp. 2d 39, 44 (D.D.C. 2011) ("If . . . an agency does respond to a petition, even after a suit to compel a response is filed, such a suit is rendered moot.").

## II.     If the Court Does Not Dismiss Plaintiffs' Complaint as Moot, Then Plaintiffs' Claims Should Be Dismissed Under Doctrines of Comity, Or Stayed Pending The Outcome of the *Ms. L.* Litigation.

The doctrine of comity provides another basis on which this Court should dismiss this case. The following causes of action are being litigated on behalf of the class in *Ms. L. v. ICE,* No. 18-cv-428 (S.D. Cal.), of which Plaintiffs are members: (1) the separation of the class members from their children violates procedural and substantive due process under the Fifth Amendment; (2) the current practices regarding separation of class members from their children is arbitrary and capricious, thus violating the Administrative Procedure Act; and (3) separation of families violates the federal laws that provide for asylum and other protections from removal and class members have a private right of action to challenge violations of their right to apply for asylum under 8 U.S.C. § 1158(a). *See Ms. L v. ICE,* No. 18- cv-428 (S.D. Cal.), Dkt. 1, 32, and 85. On June 26, 2018, the *Ms. L.* court certified a nationwide class of migrant parents separated from their children and also granted a class-wide preliminary injunction motion that was based on the plaintiffs' claim that the federal government's separation of children from their parents violated the Fifth Amendment. *Ms. L.*, No. 18-cv-428 (S.D. Cal.), Dkt. 82–83. Relevant here, the order bars future separations without certain findings, and bars removals prior to reunification.

The doctrine of comity directs that dismissing this case would be appropriate "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of other courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Panasonic Corp. v. Patriot Sci. Corp.*, No. 05-cv-4844, 2006 WL 709024 at *2 (N.D. Cal. Mar. 16, 2006); *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district

courts . . . the general principle is to avoid duplicative litigation."); *see also United States v. Morros*, 268 F.3d 695, 706 (9th Cir. 2001) (noting how the "chief concern [i]s with avoiding piecemeal litigation"). This is particularly true where Plaintiffs are members of the certified class in *Ms. L. See, e.g., Crawford v. Bell*, 599 F.2d 890, 892 (9th Cir. 1979) (dismissal appropriate where "the complainant is a member in a class action seeking the same relief"); *accord Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc) (per curiam) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications").

Dismissal is further appropriate here because the *Ms. L.* class was certified under Federal Rule of Civil Procedure 23(b)(2), where complete relief is to be granted on a class-wide basis. *See* Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2)'s purpose is to permit uniform relief to be granted to the class as a whole, given that "[t]he primary goal[] of class action lawsuits [is] to avoid a multiplicity of actions and the risk of inconsistent or conflicting adjudications," Newburg on Class Actions § 10:33 (5th ed.); *see Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 599 U.S. 393, 402 (2010) (Rule 23 is designed to "further procedural fairness and efficiency"). Proceeding with an individual lawsuit "involving precisely the same issues" would be inefficient, *id.*, sap the resources of the Court and the parties, interfere with compliance with the *Ms. L.* injunction, and potentially result in inconsistent rulings on procedural, discovery, and substantive issues overlapping in both cases. Accordingly, there is good reason for this Court to dismiss Plaintiffs' Complaint on comity grounds or, at a minimum, to stay this case pending the resolution of the ongoing litigation in the *Ms. L.* class action. In any event, given the time that has passed since the reunification of all Plaintiffs, this Court should lift the stay of removal entered on July 18, 2018. ECF No. 46.

**III.     Plaintiffs Fail to Allege a Violation of a Clearly Established Substantive Due Process Right.**

Plaintiffs' substantive due process claims should also fail as a matter of law because Plaintiffs have not adequately pled any due process right to be detained with their children in the face of lawful criminal and immigration enforcement actions. Congress made the policy decision to detain aliens such as the Plaintiffs as their expedited removal proceedings were still pending. 8 U.S.C. § 1225(b).  Many other courts have held in analogous circumstances that the removal of aliens (and, *a fortiori*, the processes incidental thereto), does not violate either their own constitutional rights or the constitutional rights of their family members. *See, e.g.*, *Newton v. INS*, 736 F.2d 336, 343 (6th Cir. 1984) (finding "no constitutional rights . . . implicated in the decision to deport" the parents of citizen children); *see also Morales-Izquierdo v. DHS*, 600 F.3d 1076, 1091 (9th Cir. 2010) (similar); *Payne-Barahona*, 474 F.3d at 2 ("The circuits that have addressed the constitutional issue . . . have uniformly held that a parent's otherwise valid deportation does not violate a child's constitutional right.").

Thus, even though it is undoubtedly true that the Due Process Clause protects against governmental encroachment on certain fundamental rights, among them the freedom to live in the same house with family as one chooses, *Moore*, 431 U.S. at 504–06, the right to make certain decisions related to childbearing and procreation, *e.g.*, *Griswold v. Connecticut*, 381 U.S. 479 (1965), the right of parents to the custody of their children, *Stanley v. Illinois*, 405 U.S. 645 (1972), and the right to decide how to provide for their children's education, *Pierce v. Soc'y of Sisters*, 268 U.S. 510 (1925), until recent preliminary rulings in *Ms. L. v. ICE*, 310 F. Supp. 3d 1133 (S.D. Cal. 2018),  no court had ever held that the doctrine of substantive due process developed in these cases prevents the government from controlling when and how an alien may remain in the United States.

*See Kleindienst v. Mandel*, 408 U.S. 753, 766 (1972) (observing that Congress' power to regulate the admission of aliens into the United States is "plenary" and "complete").

In light of this case law, the Court should not hold that it shocks the conscience to separate a child from a parent in the face of that parent's criminal prosecution and incidental placement in mandatory detention under 8 U.S.C. § 1225(b) for the purposes of expedited removal. This is especially so where "[o]nly 'the most egregious official conduct' will satisfy" the shocks-the-conscience standard. *Jackson v. Indian Prairie Sch. Dist. 204*, 653 F.3d 647, 655 (7th Cir. 2011) (quoting *Lewis*, 523 U.S. at 846). Given the statutory backdrop of both criminal prosecution and expedited removal, the Court should find that Defendants' alleged conduct falls well short of shocking the conscience. *Cf. Dominguez-Portillo*, 2018 WL 315759, at *5–6. Substantive due process is "among the stingiest of constitutional protections," *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 865 (7th Cir. 2004), and the facts alleged by Plaintiffs do not provide a basis for the Court to find that Defendants violated it. Thus, Plaintiffs' substantive due process claim is not actionable and should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint. First, the Court should dismiss the Complaint as moot, dismiss the Complaint on comity grounds, or should stay this litigation pending the outcome of the ongoing litigation in the *Ms. L.* class action.  In any event, given the time that has passed since the reunification of all Plaintiffs, this Court should lift the stay of removal entered on July 18, 2018. ECF No. 46. Finally, even if the Court does not find this case to be moot, Plaintiffs' substantive due process claims fail as a matter of law, and should be dismissed.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director

By:   Sarah B Fabian
      SARAH B. FABIAN
      Senior Litigation Counsel
      U.S. Department of Justice
      Office of Immigration Litigation
      District Court Section
      Box 868, Ben Franklin Station
      Washington, DC 20442
      Telephone: (202) 532-4824
      Fax: (202) 616-8962
      E-mail: Sarah.B.Fabian@usdoj.gov

            and

      JESSIE K. LIU, D.C. Bar #472845
      United States Attorney
      DANIEL F. VAN HORN
      D.C. BAR # 924092
      Civil Chief

      JEREMY S. SIMON, D.C. BAR #447956
      Assistant United States Attorney
      555 4th Street, N.W.
      Washington, D.C. 20530
      (202) 252-2528
      Jeremy.simon@usdoj.gov

      *Counsel for Defendants*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 9, 2018, I served the foregoing on all counsel of record

by means of the District Clerk's CM/ECF electronic filing system.


/s/ Sarah B. Fabian
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

*Attorney for Respondents*

12