UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| M.G.U., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | No. 18-cv-1458-PLF |
| v. | § | |
| | § | Civil Action |
| U.S. DEPARTMENT OF | § | |
| HOMELAND SECURITY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT,
INCLUDING PERMISSIVE JOINDER OF TWO PLAINTIFFS**

Plaintiffs M.G.U., A.P.F., and E.F. seek leave to file their attached First Supplemental Complaint pursuant to FED. R. CIV. P. 15(d) and Local Civil Rule 15.1.  Proposed Plaintiffs P.M.B. and C.O.M., a mother and her daughter who seek asylum in the United States and are subject to Defendants' ongoing and evolving practice of separating families, also seek permissive joinder under Rule 20(a)(1).  In support, Plaintiffs would show:

**I.     P.M.B. and C.O.M. challenge Defendants' family separation practices.**

As described in the proposed First Supplemental Complaint that Plaintiffs attach as ECF No. 58-1, P.M.B. and C.O.M. challenge Defendants' ongoing practice of forcibly separating families who seek asylum in the United States.  P.M.B. fled to the United States after her teenage daughter, C.O.M., was sexually assaulted by known members of a violent transnational gang named "Barrio 18" in their home country of Honduras.  The gang members told P.M.B. that "two coffins" were waiting for her and her daughter if she failed to pay a weekly "war tax."  P.M.B. and C.O.M. applied for asylum after reaching the United States on April 3, 2016.  Their prior attorney agreed to accept a voluntary departure without their informed consent.  P.M.B. and

1

C.O.M. moved to reopen their immigration cases, arguing that they received ineffective assistance of counsel.  Presented with the identical facts underlying their ineffective assistance claims, an Immigration Judge granted C.O.M.'s motion to reopen but denied P.M.B.'s motion.  P.M.B. is presently subject to a final order of removal and indefinite separation from her daughter.

Today mother and daughter are detained together at the South Texas Family Residential Center ("STFRC") near Dilley, Texas.  P.M.B. faces imminent removal from the United States and brings her Due Process claims to prevent separation with her psychologically fragile and severely traumatized daughter.

## II.     The newly alleged facts are sufficiently connected to the facts underlying Plaintiffs' Original Complaint, and no factors caution against supplementation.

Courts should freely grant leave to parties to amend their pleadings "when justice so requires."  FED. R. CIV. P. 15(a)(2); *see also Forman v. Davis*, 371 U.S. 178, 182 (1962).  Like leave to amend, leave to supplement should also be freely given absent "good reason[s]…to the contrary."  *Wildearth Guardians v. Kempthorne*, 592 F.Supp.2d 18, 23 (D.D.C. 2008) (noting that Rule 15(a) motion and Rule 15(d) motions are "subject to the same standard."); *see also New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 28-29 (4th Cir. 1963) (supplementation "ought to be allowed as of course" because it enables the court to award complete relief and avoids waste of separate actions) *cert. denied*, 376 U.S. 963 (1964).

Supplementation is appropriate where an amended pleading sets out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d).  The newly alleged facts in a supplemental pleading must "connect to the facts asserted in the original pleading."  *See City of Moundridge, KS v. Exxon Mobil Corp*, 471 F.

Supp. 2d 20, 29 (D.D.C. 2007) (citing *Quarantino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1985)).

Courts generally permit supplemental pleadings to add new claims when it would be convenient to litigate all the claims between the parties in the same action. *See* WRIGHT, MILLER, & KANE, 6A FED. PRAC. & PROC. § 1506 (3d ed.); *see also Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (Rule 15(d) "is a tool of judicial economy and convenience."). A supplemental complaint may introduce new claims if the new claims do not create surprise or prejudice for the adverse party. *See Aftergood v. C.I.A.*, 225 F.Supp.2d 27, 30 (D.D.C. 2002); *see also The Fund for Animals v. Hall*, 246 F.R.D. 53, 55-56 (D.D.C. 2007) (granting plaintiffs' motion to for leave to supplement with three new claims challenging additional agency rules more than one year after granting summary judgment to plaintiffs).

The facts giving rise to P.M.B.'s causes of action all occurred after the filing of the Original Complaint on June 20, 2018. Like the current Plaintiffs, P.M.B. and C.O.M. challenge Defendants' ongoing practice of separating family members who seek asylum in the United States together. Like the other Plaintiffs, P.M.B. and C.O.M. allege that Defendants' separation policy is being implemented against them in violation of their right to family integrity. Defendants' evolving family separation policy and its implementation in P.M.B.'s and C.O.M.'s case provides the core operative facts that connect with the facts underlying the Original Complaint and justify supplementation. *See, e.g., Griffin v. County School Bd. Of Prince Edward County*, 377 U.S. 218, 227 (1964) (Rule 15(d) plainly permits supplementation with new facts connected to defendants' ongoing policy of maintaining racially segregated schools and "it follows, of course, that persons participating in these new events may be added if necessary….");

*Jones v. Bernanke*, 685 F.Supp.2d 31, 41-42 (D.D.C. 2010) (ongoing practice of retaliation in employment sufficiently connected original and newly alleged facts).

Supplementation of Plaintiffs' complaint serves the interest of judicial economy. Proposed Plaintiffs P.M.B. and C.O.M. bring one claim that is similar to the Due Process claim to family integrity brought by Plaintiffs M.G.U., A.P.F. and E.F.  Addressing these claims together saves judicial resources from being diverted to a second suit and will provide for a more efficient and complete resolution of the scope of the fundamental Due Process right to family integrity.  There was no undue delay in this case. P.M.B. files this motion just days after receiving a denial of her motion to reopen and being informed by a deportation officer that she would leave STFRC promptly upon receiving such a denial, the implication being that she would be immediately removed from the United States and thereby separated from her teenage daughter.  *See* ECF No. 59-5 (Fluharty Declaration); ECF No. 59-6 (P.M.B. Declaration).

P.M.B.'s claims do not surprise or unduly prejudice Defendants.  Defendants are certainly aware of their ongoing policy of forced separation of family asylum seekers, aware of P.M.B.'s imminent removal, and familiar with P.M.B.'s claims.  *See Cause of Action Institute v. U.S. Department of Justice*, 282 F.Supp.3d 66, 73-74 (D.D.C. 2017) (describing defendants' awareness of newly alleged facts and claims as a factor in determining undue surprise and prejudice).  P.M.B.'s cause of action largely mirrors claims already presented to this Court.  *Compare* ECF No. 58-1 at ¶¶ 31-38 *with* ECF No. 1 at ¶¶ 101-104.  The case has not entered discovery and is not near resolution. Supplementation is timely and Defendants will not be deprived of an opportunity to present facts of evidence in support of any opposition they may have to P.M.B.'s claims and requested relief. *See Butler v. White*, 67 F.Supp.3d 59, 68 (D.D.C.

4

2014) (party opposing amendment "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence…" to demonstrate prejudice).

### III.     P.M.B. and C.O.M. meet the requirements for permissive joinder.

The requirements for permissive joinder under FED. R. CIV. P. 20(a) are construed liberally to promote convenience and expedite the resolution of parties' claims. *See Parks v. District of Columbia*, 275 F.R.D. 17, 18 (D.D.C. 2011). Joinder of parties is permissible where (1) they assert a common right to relief "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all plaintiffs will arise in the action." FED. R. CIV. P. 20(a). To satisfy the first prong, the parties' claims must merely be logically related. *See Disparte v. Corporate Executive Bd.*, 223 F.R.D. 7, 10 (D.D.C. 2004) (citing *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926)). The second prong requires only some common question of law or fact to all of the plaintiffs' claims, "not that all legal and factual issues be common to all the plaintiffs." *Id*. at 11. Courts seek the "broadest possible scope of action" in applying this test. *Lane v. Tschetter*, No. 05-cv-1414, 2007 WL 2007493 at *7 (D.D.C. July 10, 2007) (*quoting United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).

Like the current Plaintiffs, P.M.B. and C.O.M. are family members seeking asylum in the United States together and are subjected to the government's ongoing and evolving policy of separation. P.M.B.'s imminent removal and forced separation from her daughter is part of a series of transactions underlying all Plaintiffs' claims. *Disparte*, 223 F.R.D. at 16 ("[A]lleged company wide pattern of discrimination" satisfied prongs of Rule 20.); *see also Parks v. District of Columbia*, 275 F.R.D. 17, 19 (D.D.C. 2011) (defendant's policy of reducing fee awards provided logical relationship and common legal issues for purposes of permissive joinder despite

the fact that different Hearing Officers ultimately determined availability of fees); *Jean v. Meissner*, 90 F.R.D. 658, 661-62 (S.D. Fla. 1981) (joinder of additional plaintiffs challenging discriminatory exclusion policies was proper where initial plaintiffs had already been subject to some of the challenged policies); *Resnick v. American Dental Ass'n*, 90 F.R.D. 530, 535 (N.D. Ill. 1981) (Defendant's alleged policy of sex discrimination provided common facts for plaintiffs who worked in different departments and alleged different discriminatory conduct).  P.M.B. brings claims that mirror the claims brought by Plaintiff, therefore there are clear common legal issues permitting joinder under Rule 20.

### IV.   Conclusion

The Court should permit Plaintiffs to supplement their complaint by docketing the attached ECF No. 58-1 and granting permissive joinder to P.M.B. and C.O.M. as provided in the attached proposed order.

December 23, 2018

Respectfully submitted,
TEXAS RIOGRANDE LEGAL AID, INC.

_____
Jerome Wesevich (D.D.C. Bar No. TX0125)
Peter McGraw (admitted pro hac vice)
Amanda Chisholm (admitted pro hac vice)
1331 Texas Avenue
El Paso, Texas 79901
(915) 585-5120
jwesevich@trla.org


PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Steven C. Herzog (admitted pro hac vice)
1285 Avenue of the Americas
New York, NY 10019-6064

        (212) 373-3317
        sherzog@paulweiss.com

        David J. Ball (DC Bar No. 460055)
        2001 K Street, NW
        Washington, DC 20006-1047
        (202) 223-7352
        dball@paulweiss.com

        Anand Sithian (admitted pro hac vice)
        Katherine Kelly Fell (admitted pro hac vice)
        1285 Avenue of the Americas
        New York, NY 10019-6064
        (212) 373-3000
        asithian@paulweiss.com
        kfell@paulweiss.com

        *Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| **MGU, PMB, and COM** | **EF** | **APF** | § |
| 300 El Rancho Way | 8915 Montana Ave. | 27991 Buena Vista Blvd. | § |
| Dilley, TX 78017 | El Paso, TX 79925 | Los Fresnos, TX 78566 | § |

*Plaintiffs*,

v.

Civil Action No.

18-cv-1458-PLF

| | | |
|---|---|---|
| **Kirstjen Nielsen** | **Thomas Homan** | **Daniel A. Bible** |
| 245 Murray Ln. S.W. | 500 12th St. S.W. | 1777 N.E. Loop 410 Fl. 15 |
| Washington, D.C. 20528 | Washington, D.C. 20536 | San Antonio, TX 78217 |
| **Rodney S. Scott** | **Kevin K. McAleenan** | **Manuel Padilla, Jr.** |
| 2411 Boswell Rd. | 1300 Pennsylvania Ave. N.W. | 4400 S. Expy. 281 |
| Chula Vista, CA 91914 | Washington, D.C. 20229 | Edinburg, TX 78542 |
| **Scott Lloyd** | **Alex Azar** | **Robert L. Boatright** |
| 330 C St. S.W. | 200 Independence Ave. S.W. | 300 E. Madrid St. |
| Washington, D.C. 20201 | Washington, D.C. 20201 | Marfa, TX 79843 |
| **William Joyce** | | |
| 11541 Montana Ave. Ste E | | |
| El Paso, TX 79936 | | |

**U.S. Department of Homeland Security**
  245 Murray Ln. S.W.
  Washington, D.C. 20528

**U.S Immigration and Customs Enforcement**
  500 12th St. S.W.
  Washington, D.C. 20536

**U.S Customs and Border Protection**
  1300 Pennsylvania Ave. N.W.
  Washington, D.C. 20229

**U.S. Department of Health & Human Services**
  200 Independence Ave. S.W.
  Washington, D.C. 20201

**U.S. Office of Refugee Resettlement**
  330 C St. S.W.
  Washington, D.C. 20201

*Defendants*.

**FIRST SUPPLEMENTAL COMPLAINT SEEKING INJUNCTIVE RELIEF**

## INTRODUCTION

1. This lawsuit challenges the federal government's evolving policy of forcibly separating certain immigrant parents from their children, and using separation as a means of deterring legal immigration by those with a right to seek asylum. This Supplemental Complaint sets forth facts that occurred after filing of the Original Complaint, ECF No. 1, and seeks immediate, emergency relief necessary to protect the Due Process rights of one additional family.

## PARTIES

2. Plaintiffs include the three individuals named in ECF No. 1 ¶¶ 2-4 and, pursuant to Rule 20(a)((1), P.M.B. and C.O.M., both of whom are individual citizens of Honduras. P.M.B. sues on behalf of herself and her minor biological daughter C.O.M., who are presently detained together at the South Texas Family Residential Center ("STFRC") in Dilley, Texas.

3. Defendants are the same persons and agencies named in ECF No. 1 ¶¶ 5-19.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1346 (federal defendant). This action arises under the U.S. Constitution.

5. Sovereign immunity is waived under 5 U.S.C. § 702.

6. This Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e) because the defendant federal agencies are headquartered in this District.

## INCORPORATED DOCUMENTS

8. Pursuant to Rules 10(c) and 15(d), Plaintiffs reallege ECF No. 1 ¶¶ 1 to 105 as if restated here in full, and incorporate all documents attached to this Supplemental Complaint.

**STATEMENT OF FACTS**

9.      P.M.B. is the adult biological mother of C.O.M., a child who turned fifteen in December 2018.

10.     P.M.B. and C.O.M. are citizens of Honduras.

11.     P.M.B. has no criminal history and has never been deemed an unfit parent.

12.     In Honduras, P.M.B. owned a beauty salon where she lived with C.O.M. Beginning in October 2015, the Barrio 18 gang, a transnational criminal organization, began extorting P.M.B. and demanding a weekly "war tax," stating that "two coffins [await] you if you do not pay."

13.     P.M.B. paid the Barrio 18 weekly until March 2016, when she informed gang collectors that she could not continue paying. The following week, gang members began following C.O.M. outside of her school and demanding that C.O.M. inform her mother that she was obligated to pay.

14.     On or about March 30, 2016, three armed gang members forced their way into P.M.B.'s home. One gang member grabbed C.O.M., positioning her in front of her mother and pointing a gun at her head. Another man then approached C.O.M., lifting her shirt, fondling her chest, touching her private parts, and licking her face while her mother watched with another gun pointed to her head. One of the men yelled, "see what we will do if you do not comply!" The gang members then threw C.O.M. to the ground and provided P.M.B. one final threat: if she failed to pay they would rape and kill her daughter while she watched, and then kill her.

15.     On April 3, 2016, P.M.B. and C.O.M. fled to the United States and sought asylum under 8 U.S.C. § 1158 due to their fear of persecution in Honduras.

16.     P.M.B. and C.O.M. were detained at the Karnes County Family Residential Center near Karnes City, Texas, where C.O.M. satisfied an asylum officer that she presented a credible fear of persecution.

17.     Based on C.O.M.'s positive credible fear finding, P.M.B. and C.O.M. were released from the Karnes facility together in 2016 to pursue asylum claims pursuant to Immigration and Nationality Act Section 240.

18.     P.M.B. and C.O.M. both filled out their own asylum applications with the assistance of a non-profit organization during a *pro se* asylum clinic.  They subsequently retained a San Antonio, Texas attorney for help in pursuing their asylum claims, and gave him the applications that they had prepared.

19.     The San Antonio attorney failed to render effective assistance.  He failed to file any asylum application at all for C.O.M.  He filed the same asylum application for P.M.B. that P.M.B. gave him, without making amendments to it and without supplementing it with a single piece of evidence to support it.  He then informed P.M.B. that she could not pursue asylum in the United States, withdrew her application, and sought voluntary departure for both P.M.B. and C.O.M. without their informed consent.

20.     P.M.B. subsequently fired the San Antonio attorney and filed a grievance with the State Bar of Texas against this person.

21.     The Immigration Judge granted P.M.B. and C.O.M. voluntary departure on February 5, 2018 and ordered them to depart the United States before June 5, 2018.

22.     P.M.B. and C.O.M. did not voluntarily depart the United States as required, and were apprehended by Defendant Immigration and Customs Enforcement ("ICE") together in San Antonio, Texas on June 29, 2018.

23.     Since their apprehension, Defendants have continuously detained P.M.B. and C.O.M. together at the STFRC in Dilley, Texas.   While in detention, C.O.M. has experienced severe depression and attempted suicide.

24.     In September 2018, an Immigration Judge granted C.O.M.'s motion to reopen her asylum case due to the ineffective assistance of the San Antonio attorney.

25.     On December 21, 2018, the same Immigration Judge considered the same facts presented in C.O.M.'s motion to reopen and denied P.M.B.'s motion to reopen her asylum case due to the ineffective assistance of the San Antonio attorney, leaving P.M.B. subject to a final order of removal.

26.     Defendants have informed P.M.B. that her removal from the United States is imminent. As a consequence, she will be forcibly, and likely permanently, separated from her daughter.

27.     Defendants' threatened removal and forcible separation of P.M.B. from her daughter is pursuant to, and part of, Defendants' ongoing and evolving policy of preventing lawful claims for asylum in the United States. *See also East Bay Sanctuary Covenant v. Trump*, No. 18-cv-06810, 2018 WL 6660080 at *1 (N.D. Cal. Dec. 19, 2018) (describing illegal asylum interference policies).

28.     Forced separation of P.M.B. from C.O.M. would eviscerate P.M.B's capacity to provide care, custody, and comfort to her child, perhaps permanently.

29.     Separation would injure P.M.B. and C.O.M. by impairing family integrity, compounding their existing psychological trauma, and interfering with C.O.M.'s capacity to pursue her ongoing asylum claim.

30.     The threats of separation described in the preceding paragraphs presently cause P.M.B. and C.O.M. severe emotional distress.

Case 1:18-cv-01458-PLF   Document 58-1   Filed 12/23/18   Page 6 of 8

## CAUSE OF ACTION: SUBSTANTIVE DUE PROCESS

31. All of the foregoing allegations of fact are incorporated as if repeated to support Plaintiffs' Substantive Due Process claims.

32. All persons on U.S. soil, including all Plaintiffs and their children, are protected by Due Process under the U.S. Constitution's Fifth Amendment.

33. The Constitution's Fifth Amendment protects the relationship of parent and child as "perhaps the oldest of the fundamental liberty interests . . . ." *Troxel v. Granville*, 530 U.S. 57, 65 (2000).

34. Plaintiffs and their children have a fundamental right to remain together as a family and to care for one another, which is protected as a matter of Substantive Due Process.

35. Defendants' threatened, actual, and continued separation of Plaintiffs from their children substantially burdens their Due Process right to family integrity.

36. No compelling government interest is served by separating parents from their children.

37. Defendants' separation policies and practices are not narrowly tailored to minimize the burden on fundamental rights that is required to serve legitimate government interests.

38. Defendants' threatened, actual, and continued separation of immigrant parents, including Plaintiffs, from their children injures parents, children, and the public interest by: (a) weakening family bonds; (b) inflicting severe trauma on parents and children; and (c) interfering with immigrants' capacity to seek asylum in the United States as provided by federal statute and ratified treaty.

## PRAYER

39. WHEREFORE, Plaintiffs P.M.B. and C.O.M. pray that the Court grant them the following relief:

(a) issue a temporary restraining order, and upon hearing, preliminary and permanent injunctions, directing Defendants to refrain from taking any action to separate P.M.B. from C.O.M. absent emergency or further order of this Court; and

(b) all other relief that the Court deems just and proper to ensure that Defendants act according to law.

December 23, 2018

Respectfully submitted,
TEXAS RIOGRANDE LEGAL AID, INC.

_____
Jerome Wesevich
   D.D.C. Attorney No. TX0125
Amanda Chisholm
   Texas Bar No. 24040684
Peter McGraw
   Texas Bar No. 24081036
1331 Texas Avenue
El Paso, Texas 79901
(915) 585-5120
jwesevich@trla.org


PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Steven C. Herzog (admitted pro hac vice)
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3317
sherzog@paulweiss.com

David J. Ball (DC Bar No. 460055)
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7352
dball@paulweiss.com

7

Anand Sithian (admitted pro hac vice)
Katherine Kelly Fell (admitted pro hac vice)
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
asithian@paulweiss.com
kfell@paulweiss.com

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| M.G.U., *et al.*, | § § § | |
| Plaintiffs, | § § | No. 18-cv-1458-PLF |
| v. | § § | Civil Action |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | § § § | |
| Defendants. | § | |

**[PROPOSED] ORDER GRANTING LEAVE TO SUPPLEMENT AND JOIN PARTIES**

The Court has considered Plaintiffs' Motion for Leave to Supplement Complaint and Join Parties pursuant to Rules 15 and 20 of the Federal Rules of Civil Procedure.  Upon consideration of the pleadings and the record in this case, it appears that this Motion is well founded and will advance the interests of justice and of judicial economy and efficiency.  Wherefore, premises considered, it is hereby ORDERED that Plaintiffs' motion for leave to supplement their Original Complaint and join parties is GRANTED.

The Clerk of the Court shall docket as a live pleading the proposed Supplemental Complaint that Plaintiffs filed as ECF No. 58-1.

SO ORDERED this ___ day of _____, 201__.

_____
Hon. Paul L. Friedman
UNITED STATES DISTRICT JUDGE