**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| M.G.U, *et al.* | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:18-cv-01458 (PLF) |
| | ) | |
| v. | ) | |
| | ) | |
| Kirstjen Nielsen, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendants, by and through undersigned counsel, hereby reply in support of their motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the above-captioned action, filed on November 9, 2019. Plaintiffs have provided no basis why Plaintiffs' Complaint should not be dismissed. Plaintiffs' claims are moot, and in any event should be dismissed on comity grounds to avoid interference or conflict with the ongoing litigation in the case of *Ms. L., et al. v. ICE, et al.*, Case No. 18-cv-0428 (S.D. Cal.), in which plaintiffs are members of the certified class. Additionally, the Court should dismiss the case because Plaintiffs fail to state a claim under Federal Rule 12(b)(6). At a minimum, the Court should lift its stay of removal, entered July 18, 2018, ECF No. 46, and should stay this litigation pending the outcome of the ongoing litigation in the *Ms. L.* class action.

**ARGUMENT**

**I.     The Complaint Should Be Dismissed As Moot**

Plaintiffs argue that the Complaint is not moot because, they assert, two exceptions to the mootness doctrine apply. First, they contend that the "capable of repetition, yet evading review"

doctrine should apply to this case. However, as Defendants have already explained, that doctrine does not save Plaintiffs' claims from mootness in this case. Notably, the entirety of Plaintiffs' argument regarding the possibility that any Plaintiff could again be taken into custody and/or separated from his or her child is based on speculation that such action might be possible, based on part on assertions that Defendants might violate the injunction in *Ms. L. v. ICE*, Case 18-cv-428 (S.D. Cal.). But none of Plaintiffs' speculative assertions create a "reasonable expectation" that Plaintiffs will again be separated from their children. *See Honig v. Doe*, 484 U.S. 305, 318 n.6 (1988). Thus, the facts clearly establish that "events have so transpired that [a decision by this Court] will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990) (quoting *Transwestern Pipeline Co. v. FERC*, 897 F.2d 570, 575 (D.C. Cir. 1990)).

Likewise, Plaintiffs fail to establish that if a separation occurred in the future it would necessarily evade review. The cases Plaintiffs cite, *Burlington N. R. Co. v. Surface Transp. Bd.*, 75 F.3d 685, 690 (D.C. Cir. 1996) and *Turner v. Rogers*, 564 U.S. 431, 440 (2011), do not establish this point because in both those cases the action in question was inherently limited to a certain duration: 2 years in *Burlington N.R.*, and 1 year in *Turner*. Here, Plaintiffs point to no inherent limitation of any speculative future separation that would cause it to evade review. Where such future separation is not only speculative, but also is not "inherently of such short duration that [it could not] ordinarily be fully litigated before [its] cessation[,]" then this exception to the mootness doctrine should not be applied. *See Hall v. CIA,* 437 F.3d 94, 99 (D.C. Cir. 2006).

Second, Plaintiffs allege that the "voluntary cessation" exception to mootness rescues their claims. But this exception also does not apply here. The voluntary cessation of allegedly illegal conduct can render a case moot if it is "absolutely clear" that the conduct Plaintiffs are seeking to

enjoin could not reasonably be expected to recur. *Friends of the Earth, Inc. v. Laidlaw Env' Servs. Inc.*, 528 U.S. 167, 188-89 (2000). Here, Plaintiffs were all reunited with their children pursuant not only to an order from this Court, but also to a preliminary injunction order in *Ms. L.* that remains in place. *See Ms. L.*, Order on Preliminary Injunction, ECF No. 83 (June 26, 2018). Even if this litigation is dismissed, the *Ms. L.* preliminary injunction would continue to prevent Defendants from separating any Plaintiff in this case from his or her child under the same circumstances as occurred with their initial separations, in the absence of a finding that he or she has a disqualifying criminal history, or is unfit or a danger to the child. *Id.* Moreover, Plaintiffs are not now in the same circumstances that they were when the initial separation occurred, because they are now within the United States, are reunified with their children, and are in different stages of seeking immigration relief. The Zero Tolerance Policy about which Plaintiffs primarily complain applies to separations resulting from prosecutions under 8 U.S.C. §§ 1325 and 1326, for illegal entry or reentry into the United States. Unless Plaintiffs depart the United States and later seek to reenter, then it is absolutely certain that they will not find themselves in the same situation as they were in when they were separated from their children in the manner that led to this litigation. Likewise, the *Ms. L.* injunction makes absolutely certain that even if they were in that same situation, a separation could not occur in the same manner. Thus, the voluntary cessation exception to the mootness doctrine does not apply here, and the case should be dismissed as moot.

## II.    Plaintiffs Offer No Reason Why This Court Should Not Dismiss or Stay Their Claims Under Doctrines of Comity.

As Plaintiffs acknowledge, the doctrine of comity provides discretionary authority to this Court to dismiss a case "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of other courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Panasonic Corp. v. Patriot Sci. Corp.*, No. 05-cv-4844, 2006 WL 709024 at *2 (N.D. Cal.

Mar. 16, 2006); *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts . . . the general principle is to avoid duplicative litigation."); *see also United States v. Morros*, 268 F.3d 695, 706 (9th Cir. 2001) (noting how the "chief concern [i]s with avoiding piecemeal litigation"). First, despite Plaintiffs' efforts to create confusion where there is none, Defendants have repeatedly acknowledged that all Plaintiffs here are class members in the *Ms. L* litigation.

Second, Plaintiffs do not explain why the preliminary injunction in *Ms. L.* is insufficient to protect the rights that they seek to assert in this case. Specifically, Plaintiffs express concern that under the *Ms. L.* preliminary injunction, the government retains the ability to separate a parent from his or her child upon a finding that the parent is unfit or a danger to the child, or if the parent knowingly and voluntarily waives reunification. However, Plaintiffs do not assert any facts that would suggest that any Plaintiff is at risk of being separated on these bases, nor do they explain how a separation under these standards—as opposed to separations under the Zero Tolerance Policy which were the basis for Plaintiffs' complaint—would violate Due Process. Plaintiffs nonetheless assert that a continuation of the stay of removal issued by this Court, and now in place for seven months, is necessary to ensure that their rights are protected. Plaintiffs do not, however, specifically explain what rights require the protection of this stay. To the extent that they cite to earlier concerns expressed by this Court that E.F. might be removed without her child, those concerns were resolved by E.F.'s reunification. Moreover, since the time that the stay was issued in this Court, the court in *Ms. L.* has issued, and then lifted, a stay of removal that covered the Plaintiffs in this case, and that led to the entry of a Settlement Agreement between classes that include Plaintiffs and their children on one side, and the government on the other, that serves to protect the rights of Plaintiffs and their children to pursue various forms of immigration relief. *See*

*Ms. L.*, Order Approving Settlement Agreement, Nov. 15, 2018, ECF No. 321. Thus, the concerns previously expressed by this Court that led to the entry of the stay of removal have been addressed and resolved in the *Ms. L.* litigation, and Plaintiffs cannot show why their desire for a continued stay of removal from this Court warrants continuation of this litigation.

## CONCLUSION

For the foregoing reasons the Court should dismiss the Complaint. First, the Court should dismiss the Complaint as moot, dismiss the Complaint on comity grounds, or should stay this litigation pending the outcome of the ongoing litigation in the *Ms. L.* class action.  In any event, given the time that has passed since the reunification of all Plaintiffs, this Court should lift the stay of removal entered on July 18, 2018. ECF No. 46. Finally, even if the Court does not find this case to be moot, for the reasons explained in Defendants' Motion to Dismiss, Plaintiffs' substantive due process claims fail as a matter of law, and should be dismissed.

///

///

///

///

DATED: February 15, 2019                   Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
WILLIAM C. PEACHEY
Director
WILLIAM C. SILVIS
Assistant Director

By:   Sarah B Fabian
SARAH B. FABIAN
Senior Litigation Counsel
U.S. Department of Justice
Office of Immigration Litigation
District Court Section
Box 868, Ben Franklin Station
Washington, DC 20442
Telephone: (202) 532-4824
Fax: (202) 616-8962
E-mail: Sarah.B.Fabian@usdoj.gov

and

JESSIE K. LIU, D.C. Bar #472845
United States Attorney
DANIEL F. VAN HORN
D.C. BAR # 924092
Civil Chief

JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.simon@usdoj.gov

*Counsel for Defendants*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 15, 2019, I served the foregoing on all counsel of record by means of the District Clerk's CM/ECF electronic filing system.

/s/ Sarah B. Fabian
SARAH B. FABIAN
U.S. Department of Justice
District Court Section
Office of Immigration Litigation

*Attorney for Respondents*